IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| | | |
| NEIGHBORS LEGACY HOLDINGS, INC., | | CASE NO. 18-33836-H1-11 |
| | | Chapter 11 |
| Debtor | | |
| | | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES, | | |
| Plaintiff | | |
| | | |
| VS. | | ADV. NO. 20-03016 |
| | | |
| TOM VO, ET AL., | | JURY DEMANDED |
| Defendants | | |

**MOTION TO DISMISS FOR IMPROPER JOINDER
OF MULTIPLE DEFENDANTS
OR IN THE ALTERNATIVE SEVER THE TRUSTEE'S
CLAIMS AGAINST BANKYMED EMERGENCY MANAGEMENT PLLC
AND ORDER A SEPARATE TRIAL**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

TO THE HONORABLE MARVIN ISGUR UNITED STATES BANKRUPTCY JUDGE:

Comes now Bankymed Emergency Management PLLC, one of the Defendants in the above numbered and titled Adversary Proceeding ("Bankymed"), and respectfully moves the court to dismiss the Plaintiff's First Amended Complaint (doc 4, the "Complaint") filed by Mark Shapiro, Trustee of the Unsecured Creditor Trust of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates (the "Trustee"), for improper joinder of defendants, pursuant to Fed.R.Civ.P 20 and 21 and Fed.R.Bankr.P. 7020 and 7021, and respectfully represents:

## Background

1.   The Trustee filed this Adversary Complaint on January 24, 2020, and on February 17, 2020 the Trustee filed a First Amended Complaint (doc 4) against seventy nine defendants, both individuals and corporate entities, seeking to recover money or property of the estate on the grounds that each of the named defendants allegedly received transfers of money from one or more of the fifty one debtor entities in amounts ranging from $4,539,281.04 to $5,281.55.

2.   The Trustee seeks a monetary judgment against the defendants pursuant to 11 U.S.C. Sections 548 and 550 for payments allegedly received by them during the years 2016-2018 (Amended Complaint page 13, paragraphs 95 - 96).  The Trustee also seeks monetary judgments against each of these defendants under Section 26-006 of the Uniform Fraudulent Transfer Act, (Tex. Bus. & Comm. Code Section 26.006) (Amended Complaint pages 14 – 16, paragraphs 97 – 105).

3.   There is no allegation in the Complaint of any connection between the defendants and no allegations in the Complaint that the defendants acted in concert or that the defendants are jointly and severally liable in any amounts.  Each of the defendants is alleged to be liable on its own for a specific dollar amount.

**Joinder of All of the Trustee's Fraudulent Transfer Avoidance Claims
Into One Omnibus Complaint is Improper
Under Fed.R.Civ. P. 20 and Fed.R.Bankr.P. 7020**

4.   Fed.R.Bankr.P 7020 incorporates Fed.R.Civ.P. 20  in adversary proceedings.  Rule 20(a)(2) permits the permissive joinder of multiple parties by providing in relevant part:

> (2)  Persons—as well as a vessel, cargo or other property subject to admiralty process in rem-- may be joined in one action as defendants if:
>
>> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B)  any question of law or fact common to all defendants will arise in the action.

5.   "Rule 20(a) has two tests for joinder: 1) the occurrence of some question of fact or law common to all parties; and 2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof.  Both tests must be satisfied if joinder is to be permitted." *In re Conners*, 125 B.R. 611, 614 (Bankr. S.D. Cal. 1991); accord, *Holcomb v. Norwest Financial, Inc*., 217 B.R. 239, 241 (N.D.Ill. 1998).  Although Rule 20 is liberally construed, a court does not have the discretion to permit joinder when a party has failed to meet both tests.  *Gruening v. Sucic*, 89 F.R.D. 573 (E.D.Pa 1981).  Of these two tests, the requirement of "transactional relatedness" is more difficult to establish than the requirement of a common question. 4 Moore's Federal Practice 3d, §§ 20.02[1][a], 20.05[1] (1999).

6.   The Trustee's Complaint does not assert any right to relief against the defendants jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence.  Nor does the Trustee's Complaint  allege any

question of law or fact common to all defendants.  Each defendant is alleged to be the recipient of different transactions.  The only thing that the defendants have in common is that the Trustee alleges that the defendants are all liable upon the same theory, that each defendant received separate transfers from one or more of the debtor entities that are alleged to have been made in fraud of the rights of creditors.

7.    The plaintiff may not join multiple defendants in one lawsuit simply because they are all purportedly liable to the plaintiff on similar or identical causes of action.  Joinder of defendants under Rule 20 requires:  (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.  *Tapscott v. MS Dealer Serv.*, 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Misjoinder occurs when there is no common question of law or fact or when the events that give rise to the plaintiff's claims against the defendants do not stem from the same transaction.  *DirctTV, Inc. v. Leto*, 467 F.3d 842, 844 (3rd Cir. 2006).

8.    Courts have held that a cable television provider could not join 104 individuals who allegedly received unauthorized reception of the plaintiff's pay-per-view programming without an allegation that the defendants were acting jointly. *Tele-Media Co. of Western Conn. v. Antidormi*, 179 F.R.D. 75 (D.Conn. 1998); accord *Movie Systems, Inc. v. Abel*, 99 F.R.D. 129 (D.Minn. 1983).  Similarly, in *Kenvin v. Newburger, Loeb Co.*, 37 F.R.D. 473 (S.D.N.Y. 1965), a lawsuit brought against four stockholders was held to be misjoined, even though the plaintiff asserted that each defendant violated the same statutory provisions. *Id*, at 475.  In the case of *Federal Housing Adm'r v. Christianson,* 26 F.Supp 419 (D. Conn. 1939, the court held that the

plaintiff's attempt to collect on two different promissory notes from different obligors could not be joined in one lawsuit.

9.   Bankruptcy courts have reached the same conclusion and have not permitted a debtor to join various creditors in one lawsuit in seeking a determination that these otherwise separate obligations were dischargeable under section 523. *In re Cofrancesco,* 191 B.R. 370 (Bankr. .D.Ohio, 1996); *In re McIntosh,* 168 B.R. 187 (Bankr. E.D.Ark., 1994); *In re Conners*, 125 B.R. 611, 614 (Bankr. S.D.Cal. 1991).  One bankruptcy court held that a bankruptcy trustee's attempt to join eleven individual defendants in one lawsuit, on the basis that each of them received improper post-petition transfers from the debtor in violation of section 549, violated the joinder provisions of Rule 7020.  *In re M L Business Mach. Co., Inc*., 132 B.R. 433, 435 (Bankr.D.Colo. 1991).  The court noted that it appeared that the only reason why the Trustee joined all of the defendants in a single adversary case was to avoid paying multiple filing fees.  Another court held that the debtor may not join in a single complaint all creditors, who were omitted from the debtor's schedules, to seek an order that the claims of the creditors were discharged, because there was no underlying transaction or occurrence which connected them.  *In re McIntosh*, 168 B.R.187 (Bankr. E.D.Ak 1994).  The same may be said of the Trustee' Amended Complaint.

## Other Considerations

10.   There are other good reasons why all of the Trustee's fraudulent transfer claims should not be joined into a single case.

11.   Twenty of the defendants are sued for amounts which are less than $25,000. Pursuant to 28 U.S.C. Section 1409(b), a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $25000, only in the district in which the defendants reside.  28 U.S.C.  Section 1409(b).

The defendants who are sued for less than $25,000 would have a right to a change of venue to the districts where they reside.

12.   Also, the dates on which each of the debtor entities became insolvent are not the same and differ between the individual debtor entities.  Some of the debtor entities closed quickly, whereas other debtor entities remained in business and were not insolvent until on or shortly before the petition date.  The date on which the particular debtor entity which made each transfer in question became insolvent is the controlling date for determination of the Trustee's look back periods and the applicable statutes of limitations.

13.   The Trustee requested a trial by jury.  Having parties and attorneys for all of the many defendants attend discovery and court proceedings all together would overcrowd the courtroom and make the conduct of discovery, depositions, mediations, and other pre-trial matters, and a trial on the merits impossibly complicated. It would be an impossible burden to require attorneys for all of the defendants to attend depositions of all of the other defendants and witnesses.   The court would have to conduct separate trials as to all of the claims against defendants who contest the Plaintiffs Complaint.

## Alternative Request for Severance

4.   In the alternative, Bankymed requests that the Court sever the Trustee's complaint against Bankymed and order a separate trial, pursuant to Fed.R.Civ.P. 20(b).

## PRAYER

Wherefore, premises considered, Bankymed Emergency Management PLLC prays that the Trustee's Complaint be dismissed pursuant to Fed.R.Bankr.P. 21 for improper joinder of multiple defendants, or in the alternative, that the Trustee's complaint against Blankymed

Emergency Management PLLC be severed and that the Court order a separate trial of the

Trustee's claims against Blannkymed Emergency Management PLLC..

Respectfully submitted,

ROSS, BANKS, MAY, CRON & CAVIN, P.C.

By:

John Mayer
Texas Bar Number 13274500
Southern District Number 502092
7700 San Felipe, Suite 550
Houston, Texas 77063
Phone 713-626-1200
Email jmayer@rossbanks.com
Attorney for Defendant
Bankymed Emergency Management PLLC

## CERTIFICATE OF SERVICE

I certify that true copies of this motion and proposed order were served upon the Trustee by email to the Trustee's attorney of record Clifford Walston of the law firm of Walston Bowlin, LLP, to email address cliff@walstonbowlin.com, and on all persons who have entered an appearance in this case electronically by means of the Court's CM/ECF System contemporaneously with filing.

I certify that true copies of this motion and proposed order were served upon the Trustee, the Trustee's attorney, and all of the Defendants by mailing same, properly addressed and postage prepaid, to the persons and parties whose names are set forth in the attached Mailing list.

This service was completed on June 17, 2020.

.

John Mayer