IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEIGHBORS LEGACY HOLDINGS, INC. | § | CASE NO. 18-33836-H1-11 |
| XXX-XX-2791 | § | CHAPTER 11 |
| DEBTOR | § | |
| | § | |
| MARK SHAPIRO, TRUSTEE | § | |
| OF THE UNSECURED CREDITOR | § | |
| TRUST OF NEIGHBORS LEGACY | § | |
| HOLDINGS, INC. AND ITS DEBTOR | § | |
| AFFILIATES | § | |
| | § | |
| PLAINTIFF | § | ADVERSARY PROCEEDING |
| | § | NO. 20-03016 |
| vs. | § | |
| | § | |
| CLINT CARTER, M.D., P.A., ET AL | § | |
| DEFENDANTS | § | |

MOTION TO DISMISS FOR IMPROPER JOINDER
OF MULTIPLE DEFENDANTS
OR IN THE ALTERNATIVE SEVER THE TRUSTEE'S
CLAIMS AGAINST CLINT CARTER, MD, PA

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

**TO THE HONORABLE JUDGE OR SAID COURT:**

Comes now Clint Carter, M.D., P.A., one of the Defendants in the above numbered and titled Adversary Proceeding ("Carter"), and respectfully moves the court to dismiss the Plaintiff's First Amended Complaint (doc 4, the "Complaint") filed by Mark Shapiro, Trustee of the Unsecured Creditor Trust of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates (the "Trustee"), for improper joinder of defendants, pursuant to Fed.R.Civ.P.20 and 21 and Fed.R.Bankr.P. 7020 and 7021, and respectfully represents:

<u>**BACKGROUND**</u>

1.      The Trustee filed this Adversary Complaint on January 24, 2020, and on February 17, 2020 the Trustee filed a First Amended Complaint (doc 4) against seventy-nine defendants, the defendants appear to consist of both individuals and corporate or similar entities, seeking to recover money or property of the estate pursuant to §§ 544, 547 and under State Law.  The Plaintiff alleges the named defendants received transfers of money from one or more of the fifty-one debtor entities in amounts ranging from $4,539,281.04 to $5,281.55.

2.      The Trustee seeks a monetary judgment against the defendants as noted above pursuant to 11 U.S.C.  Sections 548 and 550 for payments according to an attached schedule during the years 2016-2018 (Amended Complaint, Exhibit A).

3.      There is no allegation in the Complaint of any connection between the defendants and no allegations in the Complaint that the defendants acted in concert or that the defendants are jointly and severally liable in any amounts. Each of the defendants is alleged to be liable on its own for a specific dollar amount.  There is nothing in either the Complaint or the Exhibit which would connect any specific defendant to any particular Debtor entity, and certainly no allegation that connects any defendant to any other defendant.

**Joinder of All of the Trustee's Fraudulent Transfer Avoidance Claims
Into One Omnibus Complaint is Improper
Under Fed.R.Civ. P. 20 and Fed.R.Bankr.P. 7020**

4.       Fed.R.Bankr.P. 7020 incorporates Fed.R.Civ.P. 20 in adversary proceedings. Rule 20(a)(2) permits the permissive joinder of multiple parties by providing in relevant part:

> (2)     Persons-as well as a vessel, cargo or other propeliy subject to admiralty process in rem-- may be joined in one action as defendants if:
>
> > (A)     any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B)     any question of law or fact common to all defendants will arise in the action.

5.       "Rule 20(a) has two tests for joinder: 1) the occurrence of some question of fact or law common to all parties; and 2) the existence of a right to relief predicated upon or arising out of a single transaction or occurrence or series thereof. Both tests must be satisfied if joinder is to be permitted." *In re Conners*, 125 B.R. 611,614 (Bankr. S.D. Cal. 1991); accord, *Holcomb v. Norwest Financial, Inc*., 217 B.R. 239,241 (N.D. Ill. 1998). Although Rule 20 is liberally construed, a court does not have the discretion to permit joinder when a party has failed to meet both tests. *Gruening v. Sucic*, 89 F.R.D. 573 (E.D. Pa 1981). Of these two tests, the requirement of "transactional relatedness" is more difficult to establish than the requirement of a common question. 4 Moore's Federal Practice 3d, §§ 20.02[1][a], 20.05[1] (1999).

6.       The Trustee's Complaint does not assert any right to relief against the defendants jointly, severally, or in the alternative, with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrence. Nor does the Trustee's Complaint allege any question of law or fact common to all defendants. Each defendant is alleged to be the recipient of different transactions. The only thing that the defendants have in common is that the Trustee alleges that the defendants are all liable upon the same theory, that each defendant received separate transfers from one or more of the debtor entities that are alleged to have been made in fraud of the rights of creditors.

7.      The plaintiff may not join multiple defendants in one lawsuit simply because they are all purportedly liable to the plaintiff on similar or identical causes of action. Joinder of defendants under Rule 20 requires: ( 1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. *Tapscott v. MS Dealer Serv.*, 77 F .3d 1353, 1360 (11th Cir. 1996), ove1ruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Misjoinder occurs when there is no common question of law or fact or when the events that give rise to the plaintiffs claims against the defendants do not stem from the same transaction. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3rd Cir. 2006).

8.      Courts have held that a cable television provider could not join 104 individuals who allegedly received unauthorized reception of the plaintiff's pay-per-view programming without an allegation that the defendants were acting jointly. *Tele-Media Co. of Western Conn. v. Antidormi*, 179 F.R.D. 75 (D.Conn. 1998); accord *Movie Systems, Inc. v. Abel*, 99 F.R.D. 129 (D. Minn. 1983). Similarly, in *Kenvin v. Newburger, Loeb Co.*, 37 F.R.D. 473 (S.D.N.Y. 1965), a lawsuit brought against four stockholders was held to be misjoined, even though the plaintiff asserted that each defendant violated the same statutory provisions. Id, at 475. In the case of *Federal Housing Adm'r*

*v. Christianson*, 26 F. Supp 419 (D. Conn. 1939, the court held that the plaintiffs attempt to collect on two different promissory notes from different obligors could not be joined in one lawsuit.

9.      Merely engaging in the same wrongful conduct, without any other apparent connection between Defendants is insufficient to satisfy the transactional requirements of Rule 20. Where transactions involve different parties, different contracts, different terms of dealing, they are not the same series under Rule 20, notwithstanding that the alleged wrongdoing is effectuated in the same manner. *Michaels Building Co. v. Ameritrust Co., N.A.*, 848 F.2d. 674 (6th Cir. 1988).

10.      These principals apply in bankruptcy cases in fraudulent conveyance, see *U.S. v. Katz*, 494 F. Supp. 2d 645, 648 (S.D. Ohio, 2006).  The court in *Katz* characterized the fraudulent conveyance against one defendant as "separate and distinct" from the fraudulent conveyances of the other defendant.

11.      As noted by Bankymed Emergency Management PLLC, "Twenty of the defendants are sued for amounts which are less than $25,000. Pursuant to 28 U.S.C. Section 1409(b), a trustee in a case under title 11 may commence a  proceeding arising in or related to such case to recover a money judgment of or property worth less than $25,000, only in the district in which the defendants reside. 28 U.S.C. Section 1409(b)."  Clint Carter, M.D., P.A., is one of the Defendants, on whom, the allegations of payment is less than $20,000.00. The amount asserted against Clint Carter, M.D., P.A., is for a total of $7,729.20.  As a defendant is sued for less than $25,000, Clint Carter, M.D., P.A., asserts his right to a change of venue to the district where he resides and to that end, has filed a Motion to Transfer Venue.

12.      Although it is specified no where in the Complaint, it is not believed and is unlikely each defendant received payments from a single Debtor entity.  And, as the dates on which each of the debtor entities became insolvent are not the same.  The date on which the particular debtor entity

which made each transfer in question became insolvent is the controlling date for determination of the Trustee's look back periods and the applicable statutes of limitations.

13.     The Trustee requested a trial by jury. Having parties and attorneys for all of the many defendants attend discovery and court proceedings all together would overcrowd the courtroom and make the conduct of discovery, depositions, mediations, and other pre-trial matters, and a trial on the merits impossibly complicated. It would be an impossible burden to require attorneys for all of the defendants to attend depositions of all of the other defendants and witnesses. The court would have to conduct separate trials as to all of the claims against defendants who contest the Plaintiffs Complaint.

## Alternative Request for Severance

14.     In the alternative, Carter requests that the Court sever the Trustee's complaint against Carter and order a separate trial, pursuant to Fed.R.Civ.P. 20(b).

## PRAYER

Wherefore, premises considered, Clint Carter, M.D., P.A. prays that the Trustee's Complaint be dismissed pursuant to Fed.R.Bankr.P. 21 for improper joinder of multiple defendants, or in the alternative, that the Trustee's complaint against Clint Carter, M.D., P.A. be severed and that the Court order a separate trial of the Trustee's claims against Clint Carter, M.D., P.A.

Respectfully submitted,

RITCHESON, LAUFFER, & VINCENT, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
(903) 535-2900
(903) 533-8646 (Facsimile)
charlesl@rllawfirm.net

By:_____
     CHARLES E. LAUFFER, JR.
     State Bar No. 11989400

ATTORNEYS FOR DEFENDANT CLINT CARTER

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of June, a true and correct copy of the foregoing was this day served upon all parties of record in accordance with the Federal Rules of Civil Procedure and/or the local rules of the United States Bankruptcy Court for the Southern District of Texas, via e-mail via the ECF system or United States Mail, Postage Prepaid to

Clifford Walston
4299 San Felipe Street
Suite 300
Houston TX 77027

and all parties on the attached mailing matrix.

_____
CHARLES E. LAUFFER, JR.