**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NEIGHBORS LEGACY HOLDINGS, INC.** | § | **CASE NO. 18-33836-H1-11** |
| **XXX-XX-2791** | § | **CHAPTER 11** |
| **DEBTOR** | § | |
| | § | |
| | § | |
| **MARK SHAPIRO, TRUSTEE** | § | |
| **OF THE UNSECURED CREDITOR** | § | |
| **TRUST OF NEIGHBORS LEGACY** | § | |
| **HOLDINGS, INC. AND ITS DEBTOR** | § | |
| **AFFILIATES** | § | |
| | § | |
| **PLAINTIFF** | § | **ADVERSARY PROCEEDING** |
| | § | **NO. 20-03016** |
| **vs.** | § | |
| | § | |
| **CLINT CARTER, MD PA, ET AL** | § | |
| **DEFENDANTS** | § | |

## ORIGINAL ANSWER OF CLINT CARTER, M.D., P.A.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Clint Carter, M.D. P.A. ("Defendant"), a Defendant in the above-referenced adversary proceeding, and files this his Original Answer to the First Amended Complaint filed by Mark Shapiro, Trustee of the Unsecured Creditor Trust of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates (the "Complaint"), and in support thereof, would respectfully show unto the Court as follows:

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of the Complaint that venue is property as to Clint Carter, M.D., P.A., in this Court.

6.      Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant can neither admit nor deny the allegations contained in paragraphs 8 through 79 and 81 through 85 of the Complaint as he has no knowledge as to the parties named therein, their names, addresses or status.  Defendant has not reviewed each name nor address of the purported Defendants, nor is it reasonably feasible to do so.  Based upon the above and the fact that Plaintiff has not properly designated Clint Carter, M.D., P.A., Defendant can neither admit nor deny the allegations.

9.      Defendant denies the allegations contained in paragraph 80 of the Complaint in that Clint Cater, M.D. P.A. is not an individual, but is a professional association.  A professional association is defined by the Texas Business Organizations Code §301.003(2) " . . . means an association, as distinguished from either a partnership or a corporation, that is:  (A) formed for the purpose of providing the professional service rendered by a doctor of medicine, doctor of osteopathy, doctor of podiatry, dentists, chiropractor, optometrist, veterinarian, or licensed mental health professions; and (B) governed by a professional entity under this title."  Service of a Professional Association must be through the registered agent.

10.     Defendant admits the allegations contained in paragraph 86 of the Complaint as that is how the Plaintiff specifies they will refer to Defendants.  The Defendant denies the accuracy of the allegation as to Clint Carter, M.D., P.A.

### III. Background Facts

11.     Defendant admits the allegations contained in paragraph 87 of the Complaint to the extent the information is reflected by the court's docket sheet.

12.     Defendant admits the allegations contained in paragraph 88 of the Complaint, according to the court's docket sheet.

13.     The Defendant admits the allegations contained in paragraph 89 of the Complaint to the extent that the plan and order of confirmation contemplate the creation of an "Unsecured Creditor Trust" and that Mark Shapiro is to be the Trustee for the Unsecured Creditor Trust.

14.     As to the allegations contained in paragraph 90 of the Complaint, the Defendant admits that the Plaintiff is obligated to maximize the value for beneficiaries, but denies that this lawsuit furthers that purpose.  The Defendant admits that Plaintiff was assigned rights and causes of action, however, Defendant denies a cause of action exists against it.

15.     Defendant, as it relates to paragraph 91, admits that the Trustee is asserting claims, but denies the validity of the claims asserted.

16.     Defendant admits the allegations in paragraph 92 in that the Debtor's entities exist throughout Texas and while Defendant is not familiar with each specific entity, the Defendant is familiar with operating emergency medical facilities.  The Defendant is not familiar with each of the "Transfer Defendants" and therefore cannot admit each of the 77 listed defendants associated with Neighbors Debtor Entities.

17.     Defendant does not have access to the business plan or records of Plaintiff and, therefore, can neither admit nor deny the statements in paragraph 93.  Further, such statements contain qualitative and comparative assessments without specific context which would allow for the required analysis to admit the statement.

18.     Paragraph 94 is admitted to the extent of the loan from Key Bank in the amount $150,000,000.00.  Defendant, despite reasonable efforts, is not aware of the location completed by the end of 2016.  Defendant can neither admit nor deny the qualitative issues related to the size of the expansion.

19.     Defendant can neither admit nor deny despite a reasonable inquiry as to whether or not each of the "Transfer Defendants" received a transfer.  Defendant denies the allegations in paragraph 95 as to the summary, to the extent the summary is unauthenticated and not admissible as hearsay evidence.

20.     Despite reasonable attempts, Defendant has not been able to determine the solvency of Neighbors Debtor Entities as alleged in paragraph 96 and, therefore, can neither admit nor deny the allegation.

21.     Defendant repeats as to paragraph 97 its prior admissions and denials.

22.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

23.     Defendant denies the allegations contained in paragraph 99 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 100 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 101 of the Complaint.

26.     Defendant denies the allegations contained in paragraph 102 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 103 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 104 of the Complaint.

29.     Defendant denies the allegations contained in paragraph 105 of the Complaint.

30.     The Defendant admits that Plaintiff has requested a jury trial. Defendant would assert that if a jury trial is needed, reference should be withdrawn.

31.     Clint Carter, M.D., P.A. received no distribution during any time period of the operation of the clinic either in Tyler, Texas or Longview, Texas. In fact, the entire investment of $175,000.00 was lost. To the extent any distribution was paid, unless it exceeds $175,000.00, there is no basis for Plaintiff's recovery.

32.     Clint Carter, M.D., P.A., worked for the clinic under a contracted agreement as an independent contractor. As an independent contractor, Clint Carter, M.D., P.A., was employed to work at the clinic in 24 hours shifts at the rate of $200.00 per hour.

33.     Pursuant to Tex. Bus. Com. Code §24.013, Clint Carter, M.D., P.A., requests the court award its costs and reasonable attorney's fees for defending this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant, Clint Carter, M.D. P.A., prays that Plaintiff take nothing by reason of this litigation and that the Court finds that Defendant be discharged from any liability, recover its costs of court and receive such other and further relief to which Defendant may show himself to be justly entitled to receive.

Respectfully submitted,

RITCHESON,  LAUFFER,  & VINCENT, P.C.
Two American Center
821 ESE Loop 323, Suite 530
Tyler, Texas  75701
(903) 535-2900
(903) 533-8646 (Facsimile)
charlesl@rllawfirm.net

By:
    CHARLES E. LAUFFER, JR.
    State Bar No. 11989400

ATTORNEYS FOR DEFENDANT CLINT CARTER

## CERTIFICATE OF SERVICE

    I hereby certify that on the _30th_ day of _June_ , a true and correct copy of the foregoing was this day served upon all parties of record in accordance with the Federal Rules of Civil Procedure and/or the local rules of the United States Bankruptcy Court for the Southern District of Texas, via e-mail via the ECF system.

Clifford Walston
4299 San Felipe Street
Suite 300
Houston TX 77027

    CHARLES E. LAUFFER, JR.