In the United States Bankruptcy Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 18-33836-H1-11 |
| Neighbors Legacy Holdings, Inc., | § | Chapter 11 |
| et al. | § | Jointly Administered |
|     Debtors | § | |

| | | |
|---|---|---|
| Mark Shapiro, Trustee | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Adv. No. 20-03016 |
| | § | |
| Tom Vo, et al. | § | |
|     Defendants | § | |

## Permian Basin Group Defendants' Motion to Dismiss
## Plaintiff's First Amended Complaint

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Certain Defendants—Neighbors of the Permian Basin LLC, Emergence Holdings LLC, Ahmed F. Shaikh, Roy Marrero, Applied Enhancements PLLC, Andrew O. Okafor M.D. P.A., James Locke M.D., Megadodo LLC, Obidike R. Akahara M.D. P.A., Teamus Investments Ltd., Darul Sehat P.A., Ali Osman, Ivan Melendez, Baqir Holdings PLLC, Robert Wright D.O., Jeffery P. Reboul D.O., C. Guadarrama PLLC, Omotola O. Jaiyebo, Edgar Hernandez M.D., Haywood Hall, Jorge Javier Escobar Jr. M.D. P.A., Jorge Barajas M.D. P.A., Michael Mohun, Peter Shelby Evans M.D., Isabel Reyna M.D., Jason Yost, Haynes Emergency Medicine P.A., Maria Aguinaga M.D. P.A., Darrin Ashbrooks, Shawna Lambert-Pitt,[1] Candanosa M.D. P.A., Olga Langley[2], and Salvador Elizarraraz Jr M.D. P.A., collectively, the "Permian Basin Group"—hereby move to dismiss the Trustee's First Amended Complaint and would show the Court the following.

# I.
# Background

1. The Debtors in jointly administered Case No. 18-33836 were 51 related entities who, together with their non-debtor subsidiaries and affiliates, comprised what the Debtors' disclosure statement described as the "Neighbors Network." (Bky. Dkt.[3] 773 at 13.) The Neighbors Network consisted of at least 22 free-standing emergency centers (each of which was organized as a separate limited partnership),

---

[1] Dr. Lambert-Pitt's name is misspelled in the complaint as Shawna "Labert Pitt."
[2] Dr. Langley's name is misspelled in the complaint as "Langly."
[3] A reference to the "Bky. Dkt." is a reference to the main bankruptcy docket in Case No. 18-33836, *In re Neighbors Legacy Holdings, Inc., et al.*, jointly administered, in the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division.

2

their common general partner (Neighbors GP LLC, which was the general partner of all of the emergency center limited partnerships), their common limited partner (NHS Emergency Centers LLC, which was the limited partner and 99%-owner of each of the emergency center limited partnerships), and a handful of other entities performing management and other functions for the network. The limited partner, in turn, housed a separate series LLC for each emergency center. Each series LLC was owned by a combination of "Class A" and "Class B" members. The limited partnerships, and their common general and limited partners, were debtors, but "the underlying Series LLCs are non-Debtors." (Bky. Dkt. 773 at 13-15.)

2.  The Permian Basin Group of defendants are all physicians or entities controlled by physicians who had some kind of relationship with one or more Neighbors emergency centers. Many were Class B members of one or more of the non-Debtor series LLCs. Many provided clinical services to one or more of the emergency center limited partnerships. Allegedly, they received transfers of funds from unnamed Neighbors Debtor Entities in 2016, 2017, and/or 2018. (Dkt. 4 at 13.)

3.  The amended complaint does not provide any further detail regarding the Trustee's allegations, such as which of the 51 Debtors made the challenged transfers, when, or why (e.g., as a distribution of profits, as a tax distribution, as compensation for clinical services rendered, something else?). For that and various other deficiencies described below, the Permian Basin Group of Defendants now moves the Court to dismiss the Trustee's amended complaint.

## II.
## Argument & Authorities

**A.     The Trustee's TUFTA Claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of standing.**

4.     Standing is an essential component of subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). The Trustee's standing to sue under section 544 depends on the existence of "an actual, existing unsecured creditor" for whom the challenged transfer is voidable under applicable law, and without which "the trustee is powerless to act as far as 544(b) is concerned." *Smith v. American Founders Financial Corp.*, 365 B.R. 647, 659 (Bankr. S.D. Tex. 2007). The applicable law in this instance is section 24.006 of the Texas Business and Commerce Code. That section authorizes creditors "whose claim arose before the transfer was made" to avoid transfers made by the debtor under certain circumstances. Tex. Bus. & Com. Code § 24.006(a).

5.     Thus, for the Trustee to have standing under section 544, there must be an actual, existing unsecured creditor whose claim arose before each challenged transfer was made, or else the TUFTA Claims in this lawsuit must be dismissed. The Trustee, however, has not identified any such creditor with respect to any of the challenged transfers. Accordingly, the Trustee lacks standing to assert any claims under section 544(b). The Trustee's claims under section 544(b) and Tex. Bus. & Com. Code § 24.006 should be dismissed for lack of subject matter jurisdiction.

**B.     The Trustee's claims against Drs. Yost, Ashbrooks, and Lambert-Pitt should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.**

6.     There is a special venue rule for proceedings arising under the Bankruptcy Code or arising in or related to bankruptcy cases:

> [A] trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover . . . a debt (excluding a consumer debt) against a noninsider of less than $25,000, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(b). The Trustee asserted claims against Jason Yost, Darin Ashbrooks, and Shawna Lambert-Pitt in the amounts of $17,493.20, $15,306,55, and $15,074.31, respectively. (Dkt. 4 at 10; Dkt. 4-1 at 2.) The Trustee must therefore sue them in the district in which they reside.

7.     Drs. Yost and Ashbrooks reside in Texarkana, Texas, and Dr. Lambert-Pitt resides in Beaumont, Texas. (Dkt. 4 at 10.) Texarkana and Beaumont are both in the Eastern District of Texas. 28 U.S.C. § 124(c)(2), (5). Therefore, venue is proper under section 1409(b) only in the Eastern District of Texas with respect to these three defendants. The Court should, therefore, dismiss the claims asserted by the Trustee against Drs. Yost, Ashbrooks, and Lambert-Pitt for improper venue.

**C.     All the Trustee's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.**

8.     Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim on which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face." *Allen v. Walmart Stores LLC*, 907 F.3d 170, 177 (5th Cir. 2018) (internal quotations omitted; quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). This means, among other things, that "dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Allen*, 907 F.3d at 178 (internal quotations and revisions omitted). Even if every element is listed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim upon which relief can be granted." *Allen*, 907 F.3d at 177 (internal quotations, revisions, and citations omitted).

9. In the case at bar, the Trustee has asserted two groups of claims against all the Defendants: fraudulent transfer under 11 U.S.C. § 548 (the "Code Claims") and fraudulent transfer under Tex. Bus. & Com. Code § 24.006 (the "TUFTA Claims")—but he did not allege either sufficiently to state a claim.

### *1. Code Claims*

10. The Trustee appears to be asserting a claim under section 548(a)(1)(B)(i), (ii), and/or (iii).[4] The common elements of a claim under subsection (a)(1)(B) are: (1) a transfer made by the debtor; (2) on or within two years of the petition date; (3) for which the debtor received less than reasonably equivalent value;

---

[4] 11 U.S.C. § 548 sets forth between four and seven different kinds of fraudulent transfer claims, depending on how they are categorized. The amended complaint does not specify any subsections, but the list of elements in the amended complaint falls only within the scope of subsection (a)(1)(B)(i), (ii), or (iii).

6

and (4) under one of the four circumstances enumerated in subsection (a)(1)(B)(i)–(iv).

11. The amended complaint alleges only that:

> 99. The Neighbors Debtor Entities made the Transfers to or for the benefit of the Transfer Defendants. Specifically, the cash from Neighbors Debtor Entities bank account was sent directly to the Transfer Defendants. Each of the Transfer Defendants received transfers of funds from the Neighbors Debtor Entities in 2016-2018.
>
> 100. The Transfers were made from funds in the Debtor's bank account and was a transfer of an interest in property of the Neighbors Debtor Entities.
>
> 101. The Neighbors Debtor Entities received less than reasonably equivalent value for the Transfers.
>
> 102. The Neighbors Debtor Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities. The Neighbors Debtor Entities were engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital. Additionally, at the time of the Transfers, the Neighbors Debtor Entities could not make payments on its debts as they became due.

(Dkt. 4 at 14.) These elements roughly align with the circumstances described in section 548(a)(1)(B)(i), (ii), and (iii). The amended complaint does not identify which particular Debtor made any particular alleged transfer, when exactly each alleged transfer was made, or any of the circumstances surrounding each alleged transfer (e.g., what value was given, if any, for each transfer or why it was made).

12. In other words, the amended complaint is little more than a threadbare recitation of the elements of a claim under section 548(a)(1)(B)(i), (ii), or (iii). That

7

is insufficient under Rule 12(b)(6). The amended complaint does not identify who made any alleged transfer or even when any alleged transfer was made. The amended complaint does not even allege that any member of the Permian Basin Group received any of the alleged transfers. Defendants are left to guess about whether any alleged transfer was actually made to a particular member of the Permian Basin Group or whether each alleged transfer was made to another party for the benefit of a member of the Permian Basin Group. The Trustee's Code Claims must therefore be dismissed for failure to state a claim on which relief can be granted.

### 2. *TUFTA Claims*

13. The Trustee appears to be asserting a claim under Tex. Bus. & Com. Code § 24.006(a).[5] The elements of a fraudulent transfer avoidable under that section are: (1) creditor standing (i.e., the plaintiff is "a creditor whose claim arose before the transfer was made"), (2) a transfer made by a debtor, (3) without receiving reasonably equivalent value in exchange for the transfer, and (4) the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

14. The amended complaint alleges only that:

> 99. The Neighbors Debtor Entities made the Transfers to or for the benefit of the Transfer Defendants. Specifically, the cash from Neighbors Debtor Entities bank account was sent directly to the Transfer Defendants.

---

[5] Tex. Bus. & Com. Code § 24.006 describes two kinds of fraudulent transfers. The amended complaint does not specify which subsection it relies on, but the list of elements in the amended complaint only falls within the scope of subsection (a).

8

> Each of the Transfer Defendants received transfers of funds from the Neighbors Debtor Entities in 2016-2018.
>
> 100. The Transfers were made from funds in the Debtor's bank account and was a transfer of an interest in property of the Neighbors Debtor Entities.
>
> 101. The Neighbors Debtor Entities received less than reasonably equivalent value for the Transfers.
>
> 102. The Neighbors Debtor Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities. The Neighbors Debtor Entities were engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital. Additionally, at the time of the Transfers, the Neighbors Debtor Entities could not make payments on its debts as they became due.

(Dkt. 4 at 14.) These elements roughly align with the circumstances described in Tex. Bus. & Com. Code § 24.006(a). The amended complaint does not identify which particular Debtor made any particular alleged transfer, when exactly each alleged transfer was made, or any of the circumstances surrounding each alleged transfer (e.g., what value was given, if any, for each alleged transfer or why each was made).

15. In other words, the amended complaint is little more than a threadbare recitation of the elements of a claim under Tex. Bus. & Com. Code § 24.006(a). That is insufficient under Rule 12(b)(6). The amended complaint does not identify who made any alleged transfer or even when any alleged transfer was made. The amended complaint does not even allege that any member of the Permian Basin Group received any of the alleged transfers. Defendants are left to guess about whether any

9

alleged transfer was actually made to a particular member of the Permian Basin Group or whether each alleged transfer was made to another party for the benefit of a member of the Permian Basin Group. The Trustee's TUFTA Claims must therefore be dismissed for failure to state a claim on which relief can be granted.

## III.
## Conclusion

The Court should dismiss the Trustee's amended complaint because

(a) The Trustee lacks standing to assert the TUFTA Claims under 11 U.S.C. § 544;

(b) Venue is not proper as to Drs. Yost, Ashbrooks, and Lambert-Pitt; and

(c) The Trustee failed to state a claim for relief under 11 U.S.C. § 548 or Tex. Bus. & Com. Code § 24.006.

The Permian Basin Defendants therefore request that the Court enter an order dismissing the Trustee's amended complaint and grant to them such other and further relief to which they may be entitled.

Respectfully submitted,

**HAWASH CICACK & GASTON LLP**

 */s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
Jeremy M. Masten
Texas Bar No. 24083454
jmasten@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 – tel/fax

        Counsel for Neighbors of the Permian Basin LLC, Emergence Holdings LLC, Ahmed F. Shaikh, Roy Marrero, Applied Enhancements PLLC, Andrew O. Okafor M.D. P.A., James Locke M.D., Megadodo LLC, Obidike R. Akahara M.D. P.A., Teamus Investments Ltd., Darul Sehat P.A., Ali Osman, Ivan Melendez, Baqir Holdings PLLC, Robert Wright D.O., Jeffery P. Reboul D.O., C. Guadarrama PLLC, Omotola O. Jaiyebo, Edgar Hernandez M.D., Haywood Hall, Jorge Javier Escobar Jr. M.D. P.A., Jorge Barajas M.D. P.A., Michael Mohun, Peter Shelby Evans M.D., Isabel Reyna M.D., Jason Yost, Haynes Emergency Medicine P.A., Maria Aguinaga M.D. P.A., Darrin Ashbrooks, Shawna Lambert-Pitt, Candanosa M.D. P.A., Olga Langley, and Salvador Elizarraraz Jr M.D. P.A.

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on all counsel of record and parties in interest through the Court's CM/ECF system on June 30, 2020.

*/s/ Jeremy M. Masten*
Jeremy M. Masten
