IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § | CASE NO. 18-33836-H1-11 |
| | § | Chapter 11 |
| Debtor. | § | |
| | | |
| MARK SHAPIRO, TRUSTEE | § | |
| OF THE UNSECURED CREDITOR TRUST | § | |
| OF NEIGHBORS LEGACY HOLDINGS, | § | |
| INC. AND ITS DEBTOR AFFILIATES, | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 20-03016 |
| v. | § | |
| | § | |
| TOM VO, et al., | § | |
| Defendants. | § | |

## MOTION TO DISMISS DEFENDANTS DAVID HAACKE, THOMAS MERCADO, AIMAN SHOKR AND DONALD HUBBARD FOR INSUFFICENT SERVICE OF PROCESS, IMPROPER VENUE AND IMPROPER JOINDER OF MULTIPLE PARTIES

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Motion to Dismiss Defendants David Haacke, Thomas Mercado, Aiman Shokr and Donald Hubbard
For Insufficient Service of Process, Improper Venue and Improper Joinder of Multiple Parties
Page 1

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Come now David Haacke, Thomas M. Mercado, Aiman A. Shokr and Donald Hubbard, four of the Defendants in the above numbered and titled Adversary Proceeding (collectively, the "Defendants"), and respectfully move the court to dismiss the Defendants from this adversary proceeding pursuant to Fed.R.Civ.P. 12(b)(3), 12(b)(6), and 20 and Fed.R.Bankr.P. 7012(b) and 7020 for improper venue, insufficient service of process, and improper joinder of multiple parties, and respectfully represent:

**Dismissal against all Defendants under Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012 for insufficient service of process.**

1. A summons was issued in this case on May 21, 2020, and was served by mail on the Defendants on May 29, 2020 (Dkt. No. 11). Pursuant to Fed. R. Bankr. P. 7004(e), the summons must have been deposited in the mail no later than May 28, 2020, seven days after issuance, or another summons must be issued and served. The Court, therefore, should dismiss the claims against all the Defendants for insufficient service of process.

**Dismissal against David Haacke and Aiman Shokr under Fed. R. Civ. P. 12(b)(3) and Fed. R. Bankr. Pro 7012 for improper venue.**

2. The amount which the Trustee seeks to recover from David Haacke is $21,485.49. The amount which the Trustee seeks to recover from Aiman Shokr is $24,710.89. (Exhibit A to the Plaintiff's First Amended Complaint, Dkt. No 1).

3. Pursuant to 28 U.S.C. § 1409(b), a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $25,000.00 only in the district in which the defendants reside.

Motion to Dismiss Defendants David Haacke, Thomas Mercado, Aiman Shokr and Donald Hubbard
For Insufficient Service of Process, Improper Venue and Improper Joinder of Multiple Parties
Page 2

4.      David Haacke and Aiman Shokr reside in the Northern District of Texas and have their residences and places of business in Amarillo, Texas.  David Haacke and Aiman Shokr do not reside in or have a place of business within the Southern District of Texas.  The Court, therefore, should dismiss the claims against these Defendants for improper venue.

**Dismissal against all Defendants under Fed. R. Civ. P. 20 and Fed. R. Bankr. P. 7020 for improper joinder of multiple parties.**

5.      Fed. R. Bankr. P. 7020 incorporates Fed. R. Civ. P. 20 in adversary proceedings. Rule 20(a)(2) permits the permissive joinder of multiple parties by providing in relevant part:

>   (2) Persons—as well as a vessel, cargo or other property subject to admiralty process in rem-- may be joined in one action as defendants if:
>
>   A. any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   B. any question of law or fact common to all defendants will arise in the action.

6.      The Trustee's Complaint does not assert any right to relief against the defendants jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence.  Nor does the Trustee's Complaint allege any question of law or fact common to all defendants.  Each defendant is alleged to be the recipient of different transactions.  The only thing that the defendants have in common is that the Trustee alleges that the defendants are all liable upon the same theory, that each defendant received separate transfers from one or more of the debtor entities that are alleged to have been made in fraud of the rights of creditors.

7.      A plaintiff may not join multiple defendants in one lawsuit simply because they are all purportedly liable to the plaintiff on similar or identical causes of action.  Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and

Motion to Dismiss Defendants David Haacke, Thomas Mercado, Aiman Shokr and Donald Hubbard
For Insufficient Service of Process, Improper Venue and Improper Joinder of Multiple Parties
Page 3

arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. *Tapscott v. MS Dealer Serv.*, 77 F.3d 1353, 1360 (11th Cir. 1996), overruled on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Misjoinder occurs when there is no common question of law or fact or when the events that give rise to the plaintiff's claims against the defendants do not stem from the same transaction. *DirctTV, Inc. v. Leto*, 467 F.3d 842, 844 (3rd Cir. 2006). The Court, therefore, should dismiss the claims against these defendants for improper joinder of multiple parties.

WHEREFORE, PREMISES CONSIDERED, the Defendants request that the Complaint be dismissed for the reasons stated above, and for such other and further relief as to which they may be justly entitled.

Dated: July 6, 2020.

Respectfully submitted,

  */s/ Joyce Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Paul B. Geilich
State Bar No. 07792500
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all counsel of record and parties-in-interest.

  */s/ Joyce Lindauer*
Joyce W. Lindauer

Motion to Dismiss Defendants David Haacke, Thomas Mercado, Aiman Shokr and Donald Hubbard
For Insufficient Service of Process, Improper Venue and Improper Joinder of Multiple Parties
Page 4