IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § | CASE NO. 18-33836-H1-11 (Chapter 11) |
| Debtor. | § § | |
| | | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES | § § § § § § § | ADV. P. NO. 20-03016 |
| *Plaintiff* | § § | |
| VS. | § § § | |
| TOM VO; BEAUMONT ER PHYSICIANS ASSOCIATES, PLLC; PRANAV SHUKLA; NEIGHBORS OF THE PERMIAN BASIN, LLC; ABARADO & DO FAMILY, LP; EMTEX INVESTMENTS, LLC; KENNETH DIREKLY; EMERGENCE HOLDINGS LLC; EDR INVESTMENTS LLC; ATIBA BELL; MEDICAL ASSOCIATED, PLLC; ALBERTO A. GONZALEZ, MD; EKTA POPAT; TOWARDS INFINITY LLC; AB PHYSICIAN SERVICES LLC; AHMED F. SHAIKH; ROY MARRERO; SPRING PASADENA INVESTMENTS, LLC; WILLIAM APPIAH; APPLIED ENHANCEMENTS, PLLC; FILLORY HOLDINGS, LLC; THANH CHENG; ANDREW O. OKAFOR, M.D. P.A.; ROGER STARNER JONES, JR.; MANUEL ACOSTA, PLLC; ISAAC FREEBORN; ADDISON HN VO INVESTMENTS LLC; JAMES LOCKE, MD; MEGADODO LLC; DIEN BUI, MD; CATNIAJ, PLLC; NIA JOHNSON; OBIDIKE R. AKAHARA MD PA; WISESTAFF, LLC; TEAMUS INVESTMENTS, LTD; HAZEL CEBRUN; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

1

| | |
|---|---|
| **LBN MEDICAL CARE, PLLC; DARUL SEHAT, PA; BANKYMED EMERGENCY MANAGEMENT, LLC; UPCLICK VENTURES, LLC; DAVID C. HERRERA, MD; ALI OSMAN; IVAN MELENDEZ; BAQIR HOLDINGS, PLLC; ROBERT WRIGHT, DO; JEFFERY P. REBOUL, DO; JAMES M. PICCIONE, MD, PLLC; KA HOTT PLLC; STUART R. QUARTERMONT, MD; C. GUADARRAMA PLLC; OMOTOLA O. JAIYEBO; ELANIE UCBAMICHAEL, MD; EDGAR HERNANDEZ, MD; HAYWOOD HALL; JORGE JAVIER ESCOBAR JR., MD PA; DONALD HUBBARD, MD PA; THOMAS M. MERCADO, MD PLLC; JORGE; BARAJAS, MD PA; AIMAN A. SHOKR, MD; MICHAEL MOHUN; PETER SHELBY EVANS, MD; DAVID HAACKE, ISABEL REYNA, MD, JASON YOST; HAYNES EMERGENCY MEDICINE, PA; MARIA AGUINAGA, MD PA; DARIN ASHBROOKS; SHAWNA LABERT PITT; CANDANOSA MD PA; JMZ PLLC; HAMAN HEALTHCARE GROUP, LLP; SHANNON SPIGENER PLLC; OLGA LANGLY; CLINT CARTER, MD PA; DON HARPER; SDR HEALTHCARE INC; UCBAMICHAEL HOLDINGS LTD, UCBAMICHAEL HOLDINGS MANAGEMENT, LLC; SALVADOR ELIZARRARAZ, JR., MD PA;** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| *Defendants.* | § |

## PLAINTIFF'S RESPONSE TO DEFENDANT BANKYMED EMERGENCY MANAGEMENT PLLC'S MOTION TO DISMISS FOR IMPROPER JOINDER

1

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE: COMES NOW, PLAINTIFF MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES and files this Response to Defendant Bankymed Emergency Management PLLC's ("Bankymed") Motion to Dismiss for Improper Joinder (Dkt. 13), and would show as follows:

### BACKGROUND

1. On February 17, 2020, Plaintiff filed its First Amended Complaint in this matter (Dkt. 4), alleging fraudulent transfers against the Transfer Defendants, including Bankymed, pursuant to 11 U.S.C. §§544, 548, and applicable state law, including Texas Business and Commerce Code §24.006(a).[1]  As explained in the Complaint, all of the Transfer Defendants are affiliated with the Neighbors Debtor Entities, and received payments from the Neighbors Debtor Entities between 2016 and 2018.  At the time the Transfers were made, the Neighbors Debtor Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities.  The Neighbors Debtor Entities were engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital.  Additionally, at the time of the Transfers, the Neighbors Debtor Entities could not make payments on its debts as they became due.

2. On June 17, 2020, Bankymed filed a Motion to Dismiss for Improper Joinder (Dkt.13) (hereinafter, the "Motion to Dismiss"), alleging that the Transfer Defendants were improperly joined under Fed. R. Bank. P. 7020 and seeking for Plaintiff's proceeding to be dismissed in its entirety.[2]

---

[1] Plaintiff's First Amended Complaint (Dkt. 4) at 18-19.
[2] Motion to Dismiss (Dkt. 13) at 6.

18

**ARGUMENT AND AUTHORITIES**

3. As a preliminary matter, Federal Rule of Bankruptcy Procedure 7021 adopts Federal Rule of Civil Procedure 21, which explicitly states that "misjoinder of parties is *not a ground for dismissing an action*."[3] Even assuming Bankymed's arguments that it was misjoined to this proceeding are true, which they are not, the Motion to Dismiss requests improper relief as it seeks to have Plaintiff's Complaint dismissed. This Court would have to violate the Federal Rules of Bankruptcy Procedure in order to grant the Motion to Dismiss. As such, the Motion should be denied by this Court.

4. Despite this, Plaintiff will address Bankymed's incorrect understanding that it is improperly joined to this action and why Plaintiff's claims against Bankymed should not be severed. As an alternative, Plaintiff would suggest that in the interest of judicial efficiency, this matter should proceed in its present, consolidated form for discovery, and should Bankymed (or any other party) believe that they will be prejudiced at trial by a consolidated proceeding with any remaining parties, that party may move the Court for a severance at that time.

*The Transfer Defendants are Properly Joined to the Adversary Proceeding*

5. Federal Rule of Bankruptcy Procedure 7020 states that Fed. R. Civ. P. 20 governs permissive joinder in adversary proceedings.[4] Fed. R. Civ. P. 20 permits joinder of Defendants if (1) any right to relief is asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action.[5] Under the Rules, the impulse is towards entertaining the broadest possible scope of action; joinder of claims, parties and

---

[3] Fed. R. Bank. P. 7021 (citing Fed. R. Civ. P. 21) (emphasis added).
[4] Fed. R. Bank. P. 7020.
[5] Fed. R. Civ. P. 20(a)(2).

18

remedies is strongly encouraged.[6] "Transactions or occurrences satisfy the series of transactions or occurrences requirement of Rule 20(a) if there is some connection or logical relationship between the various transactions or occurrences."[7] A logical relationship exists if there is some nucleus of operative facts or law.[8]

6. In the case before the Court, the Transfer Defendants, including Bankymed, are affiliated with the Neighbors Debtor Entities. The Transfer Defendants all received payments from the Neighbors Debtor Entities between 2016 and 2018, and at the time the Transfers were made the Neighbors Debtor Entities were insolvent. Because the Neighbors Debtor Entities were making payments to the Transfer Defendants, there is a nucleus of operative facts at play here creating a logical relationship between the series of transactions. Additionally the Transfer Defendants will factual questions in common, including (1) whether cash from Neighbors Debtor Entities bank account was sent to the Transfer Defendants; (2) whether the Transfer Defendants received transfers of funds between 2016-2018 from the Neighbors Debtor Entities bank account; and (3) whether the Neighbors Debtor Entities received less than reasonably equivalent value for the transfers. Both prongs of the 20(a)(2) test are met for the Transfer Defendants, and Plaintiff's joinder of the Transfer Defendants was proper under the Rules.

7. Bankymed points to cases such as *Tele-Media Co. of Western Conn. v. Antidormi* and *Kenvin v. Newburger, Loeb Co.* in an attempt to argue that the Transfer Defendants are misjoined,[9] but these cases are quite different in facts and circumstances from the instant proceeding. In *Antidormi*, the defendants were 104 individuals who were allegedly using devices to receive

---

[6] *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130 (1966).
[7] *Americans for Fair Patent Use, LLC v. Sprint Nextel Corp. et al.*, 2011 U.S. Dist. LEXIS 2947(E.D.Tex. Jan. 12, 2011) (citing *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993).
[8] *Id.*
[9] Motion to Dismiss at ¶ 8.

unauthorized pay-per-view broadcasts that the cable television service plaintiff had the rights to.[10] The Defendants acted separately, had never met each other, were not using the same device, and otherwise had no single connection to each other or through the plaintiff. Unlike *Antidormi*, the Transfer Defendants all share a connection and relationship with the Neighbors Debtor Entities, and all received payments, directly or indirectly, from the Neighbors Debtor Entities between 2016 and 2018. Additionally, a major factor of the *Antidormi* court disfavoring joinder of the defendants was because a single action imposed significant burdens on the Clerk's office because the Clerk's office would have to print and mail a copy of every order in the case to every defendant.[11] The *Antidormi* court was operating in 1998, whereas in the modern era where everything is done electronically, there is minimal burden on the Clerk's office managing the instant case jointly. Similarly, the Defendants in *Kenvin* did not have any connection to one another because they were involved in transactions that had no logical connection. The Defendants in *Kenvin* all had on separate occasions allegedly extended the individual plaintiff credit with which the plaintiff used to buy stocks.[12] After the plaintiff lost money, he sued the four separate brokerages.[13] There was no logical link between the four separate loans that were complained of in *Kenvin*. Unlike *Kenvin*, the transfers at issue before the Court were all a part of the same scheme and series of transactions to transfer money away from the Neighbors Debtor Entities and into the hands of individuals and organizations affiliated with the Neighbors Debtor Entities in an effort to defraud the bankruptcy estate.

---

[10] *Tele-Media Co. of Western Conn. v. Antidormi*, 179 F.R.D. 75, 76 (D. Conn. 1998).
[11] *Id.*
[12] *Kenvin v. Newburger, Loeb Co.*, 37 F.R.D. 473, 474 (S.D.N.Y. 1965).
[13] *Id.*

*Severance of Bankymed would be improper and premature*

8.      Federal Rule of Bankruptcy Procedure 7021 allows courts to sever claims against any party.[14]  While courts have broad discretion to sever issues tried before it, Courts should refuse to sever claims if the court believes that severance will result in delay, inconvenience, or added expense.[15]  Because the claims against the Transfer Defendants all surround the same operative sets of facts and circumstances, there will be much overlap in the written discovery and depositions conducted by each party. From an efficiency standpoint, having the claims against the Transfer Defendants managed under the same cause of action will be quicker, more convenient, and less expensive than having severed claims against each Defendant.

9.      Severance of any claims against parties is also premature and should be revisited at a later date if any Transfer Defendant is concerned that it will be prejudiced by its involvement in a joint trial.  The instant case is in its initial cases, and there is ample time for a claim to be severed if prejudice is shown,[16] but it currently makes more sense for the claims to be managed jointly for efficiency and cost purposes.  For these reasons, the Court should deny Bankymed's alternative request for severance at this time.

## PRAYER

For the abovementioned reasons, Plaintiff requests that the Motion to Dismiss be denied, and Bankmed's alternative request to sever the claims against Bankymed also be denied.  Plaintiff further requests all other relief to which it is entitled.

---

[14] Fed. R. Bank. P. 7021 (adopting Fed. R. Civ. P. 21).
[15] *See Wagoneka v. KT&G USA Corp.*, 2019 U.S. Dist. LEXIS 145513 at *9 (E.D.TX Aug. 9, 2019) (citing *In re Rolls Royce Corp.*, 775 F.3d 671, 680 n. 40 (5th Cir. 2014)).
[16] *See, e.g., Wagoneka*, 2019 U.S. Dist. LEXIS 145513 at *16 (stating that the case was in its initial stages and any issue of fairness or efficiency concerns by a joint trial could be better addressed at a later date).

Respectfully Submitted,

**WALSTON BOWLIN, LLP**

*/s/ Clifford H. Walston*
CLIFFORD WALSTON
cliff@walstonbowlin.com
State Bar No. 24037666
4299 San Felipe Street, Suite 300
Houston, Texas 77027
(713) 300-8700
(713) 583-5020 Fax
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served all counsel of record and parties in accordance with the Federal Rules of Bankruptcy Procedure on July 8, 2020.

*/s/  Cliff Walston*
Cliff Walston