IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE: | |
| NEIGHBORS LEGACY HOLDINGS, INC. | CASE NO. 18-33836-H1-11 |
| Debtor | (CHAPTER 11) |
| | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST | |
| OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES | |
| Plaintiff | |
| VS | |
| WISESTAFF, LLC | ADV. NO. 20-03016 |
| Defendant | |
| | JURY DEMAND AND MOTION TO DISMISS |

WISESTAFF'S ANSWER TO THE COMPLAINT AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND MOTION TO DISMISS FOR IMPROPER JOINDER OF MULTIPLE DEFENDANTS OR IN THE ALTERNATIVE MOTION TO SEVER THE TRUSTEE'S CLAIMS AGAINST WISESTAFF, LLC, AND ORDER A SEPARATE TRIAL BY JURY

This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

Represented parties should act through their attorney.

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

**I. The Party Filing This Answer to the Complaint**

1

Wisestaff, LLC, 10101 SW Fwy, Suite 400, Houston, Harris County, Texas 77074 is the party filing its answer to the complaint and motion to dismiss or in the alternative motion to sever the Trustee's claim against Defendant and order a jury trial. There are no entities to report under Rule 7007.1 Corporate Ownership Statement, Federal Rules of Bankruptcy. Defendant respectfully represents:

**II. Background**

1. The Trustee filed this Adversary Complaint on January 24, 2020 and on February 17, 2020 the Trustee filed a First Amended Complaint against more than seventy defendants seeking to recover money or property of the estate on the grounds that each of the named defendants allegedly received transfers from numerous debtor entities ("Neighbors Debtors Entities" or "NDE") in amounts ranging from $5,281.55 to $4,539,281.04.

2. The Trustee seeks a monetary judgment against the defendants pursuant to 11 U.S.C. Sections 547, 548 and 550 for transfers allegedly received by them during the years 2016-2018 from NDE. The Trustee also seeks monetary judgments against these defendants under Section 26.006 of the Uniform Fraudulent Transfer Act (Tex. Bus & Comm. Code Section 26.006).

3. Based on the Neighbors brand goodwill within the public, with financial institutions and among emergency medicine physicians, Defendant purchased 300 Class B shares of Series 124 – Porter ("Porter") on January 27, 2016.

4. In the normal course of business, Defendant sold its 300 Class B shares to other physicians and terminated its Series Interest Purchase Agreement on January 23, 2017, 18 months before NDE filed for bankruptcy.

**III. Admissions and Denials**

**A.  Answering the Claims for Relief**

For the reasons laid out below, Defendant argues that the claims and causes of actions raised in Chapter 4 of the Complaint lack merit and fail to serve justice in the underlying bankruptcy.

1. Defendant denies the allegations in Complaint Paragraph 98 that it received a fraudulent transfer.

2. Defendant denies the allegations in Complaint Paragraph 99 that it received a transfer in the amount listed in Exhibit A which is inaccurate and inconsistent with the K1 that Defendant received from Porter.

3. Defendant denies the allegations in Complaint Paragraph 100 that transfers were made from the Debtor's bank account.

4. Defendant denies the allegations in Complaint Paragraph 101 that the Neighbors Debtors Entities received less than reasonably equivalent value for the transfers.

5. Defendant denies the allegations in Complaint Paragraph 102 that the Neighbors Debtor Entities were insolvent at the time of the January 2017 transfer to Defendant and that after the transfer the property remaining was an unreasonably small capital and that NDE was unable to make payments on its debts they became due.

2

6. Defendant denies the allegations in Complaint Paragraph 103 that the transfers are avoidable as a fraudulent transfer under 11 USC 544 and 548, as well as applicable state law, including Texas Business and Commerce Code 24.006.

7. Defendant denies the implication in Complaint Paragraphs 104 and 105 that Defendant was a Subsequent Transferee under Section 544, 548 and 550 of the U.S. Bankruptcy Code.

**B. Presenting Defenses to the Claims for Relief**

1. Defendant did not receive a transfer from a debtor in bankruptcy**.**

Defendant did not receive a transfer from a debtor in bankruptcy.  Defendant received a transfer from Series 124 – Porter which was not insolvent in January 2017 when Defendant terminated its relationship with Porter.  Further, under the Series governing documents, Porter was not responsible for any debt or liability of the Neighbor's corporate offices or any other Series until and unless those entities defaulted on underlying obligations.  As a result, 11 Bankr Code 548 and any other avoidance statutes should not be considered applicable in this matter.

2. Defendant was not party to actual fraud in any transfer.

The typical indicators, or "badges", of actual fraud are not present in the facts as concerns Defendant. There does not exist between NDE and Defendant an insider, close or intimate relationship but rather Defendant and NDE engaged in an arm's length transaction in the ordinary course of business as regarded Porter.   In addition, there was nothing suspicious or secretive about the timing of the transfer. Defendant received the transfers from Porter as indicated on the K1 from Porter and Defendant included such reference in its annual tax filings.  Defendant relied on the representations from Porter and NDE that per the Series operational documents Porter was prohibited from making transfers in the form of distributions if it would interfere w any banking obligation.

3. Defendant was not party to constructive fraud in any transfer.

Defendant was not a party to constructive fraud in any transaction with Porter or NDE.  Constructive fraud requires that a) that the debtor receives less than a reasonably equivalent value for the transfer AND b) the debtor is insolvent at the time of the transfer or becomes insolvent because of the transfer OR c) engaged in a business transaction for which any remaining property was an unreasonably small capital OR d) intended to incur debts that would be beyond debtor's ability to pay as such debts matured OR d) made such transfer for the benefit of an insider under an employment contract and not in the ordinary course of business.

4. Defendant received any transfer for reasonably equivalent value designed to supplement the below market hourly compensation that physicians were paid so that Porter and NDE could retain quality physicians to work. In addition to reliable, quality physician coverage, Porter received a beneficial tax burden shift of liability from itself to Defendant.

 Because NDE and specifically the Porter Series received reasonably equivalent value for the transfer alleged in the Complaint, the transfers are not avoidable under section 548 of the Bankruptcy Code nor section 24.006 of the Texas Business and Commerce Code.

5. Porter was not insolvent and did not become insolvent at the time of the January 2017 transfer.

3

The fact that Porter was making transfers per the K1 it sent Defendant indicates that it was meeting its expenses in January 2017, the month in which Defendant terminated its relationship with Porter. Defendant relied on the Porter governing documents that prohibited distributions that would negatively impact any banking obligation.  That NDE filed for bankruptcy 18 months after Defendant received a transfer from Porter indicates that Porter and NDE were not insolvent and continued to operate and meet their obligations through January 2017.

6. Defendant did not engage in a business transaction with Porter or NDE for which any remaining property was reasonably small capital.   Porter continued to generate sufficient cash flow to maintain operations and meet financial obligations well beyond January 2017 when Defendant received a transfer from Porter.

7. Any transfer that Defendant received from Porter was in the ordinary course of business.  Defendant did not engage in a business transfer with Porter or NDE where such transfer was made for the benefit of an insider under an employment contract.  Defendant did not have an insider relationship or employment contract w Porter but rather contracted with Porter at arm's length to provide physician services to Porter.

8. Defendant is not a Subsequent Transferee. The transfers are not avoidable under Section 550 of the Bankruptcy Code because Defendant a) accepted any transfer for value, b) in good faith and c) without knowledge of any avoidability of the transfers.

9. Defendant is not purportedly jointly or severally liable to the Trustee on the same alleged cause of action as the other defendants.  Under Rule 20, joinder of multiple defendants in one suit requires that 1) the claim for relief sought asserts joint, several or alternative liability arising from the same transaction or occurrence and 2) a common question of law or fact.  There is no question of fact common to Defendant and any other defendant.  Defendant sold its shares in the Porter Series on January 23, 2017, eighteen months before NDE filed for bankruptcy.  This question of fact re a transfer from Porter to Defendant is uniquely significant to the date on which Porter allegedly became insolvent. The date on which other defendants received transfers from various Series and the date on which those Series allegedly became insolvent are immaterial to the determination of any alleged liability of Defendant in receiving a transfer from Porter which was not insolvent on January 23, 2017 and for at least eighteen months thereafter.

10. Defendant reserves the right to assert additional defenses as the case progresses.

### IV. Prayer

Wherefore, premises considered, Wisestaff, LLC, prays that 1) Trustee take nothing by its Complaint; 2) that Trustee's Complaint be dismissed with prejudice against Defendant pursuant to Fed.R.Bankr.P. 7012 and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted; 3) that Trustee's Complaint be dismissed without prejudice against Defendant pursuant to Federal Rule of Civil Procedure 20 and 21 and Fed.R.Bankr.P 7020 and 7021 for improper joinder of defendants; 4) and alternatively that Trustee's Complant against Wisestaff, LLC be severed pursuant to Fed.R.Civ.P 20(b) and that Defendant be granted a trial by jury; that Defendant be awarded the costs of suit incurred herein; and for such other and further relief as the Court may deem just and proper.

### V. Certification and Closing

Under Fed.R.Civ.P. 11, by signing below, I certify to the best of my knowledge, information and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Erica Littlejohn Burnette | By: /s/ Bill C. Littlejohn |
| Erica Littlejohn Burnette | Bill C. Littlejohn |
| Texas Bar Number 24007558 | Texas Bar Number 24089791 |
| 10101 Southwest Freeway, Suite 400 | 2990 Richmond Avenue, Suite 430 |
| Houston, TX 77074 | Houston, TX 77098 |
| Phone: 7137037727 | Phone 9376733318 |
| Email: elburnette@wisestaff.com | Email: b1cl@aol.com |
| Attorney for Defendant | Attorney for Defendant |
| WISESTAFF, LLC | WISESTAFF, LLC |

**CERTIFICATE OF SERVICE**

I certify that true copies of this motion and proposed order were served upon the Trustee by email to the Trustee's attorney of record Clifford Walston of the law firm Walston Bowlin, LLP, to email address cliff@walstonbowlin.com and on all persons who have entered an appearance in this case electronically by means of the Court's CM/ECF System contemporaneously with filing.

I certify that true copies of this motion and proposed order were served upon the Trustee, the Trustee's attorney, and all the Defendants by mailing same, properly address and postage prepaid, to the persons and parties whose names are set forth in the attached mailing list.

/s/ Erica Littlejohn Burnette                                       /s/ Bill C. Littlejohn