IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 18-33836-H1-11 |
| NEIGHBORS LEGACY HOLDINGS, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES | § § § § § | ADV. P. NO. 20-03016 |
| Plaintiff | § § | |
| VS. | § § | |
| TOM VO, ET AL., | § § | |
| Defendants. | § § | |

**DEFENDANT TOM VO, M.D.'S MOTION TO DISMISS FOR LACK OF STANDING, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR <u>IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT</u>**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

**There will be a hearing on this motion at least 23 days from the date of this motion as made available and identified by the self-calendaring in the CM/ECF electronic filing system.**

1. Plaintiff's First Amended Complaint against Defendant, Tom Vo, M.D. ("Dr. Vo") should be dismissed pursuant to Rule 12(b)(1) because Plaintiff lacks standing under Article III and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, Dr. Vo moves this Court to require Plaintiff to amend its pleadings to provide a more definite statement, under Federal Rule of Civil Procedure 12(e).

## BACKGROUND

2. This is an adversary proceeding bought by Plaintiff, Mark Shapiro, the trustee for the unsecured creditor's trust ("Plaintiff" or "Trustee"). In its First Amended Complaint (the "Complaint"), Plaintiff asserts fraud transfer claims under §§ 544 and 548 of the Bankruptcy Code and § 24.006 of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), seeking to avoid approximately two hundred different transfers involving seventy-five different defendants and potentially fifty-one different debtor entities over a three year span (2016-2018). *See* Pl.'s Am. Compl., Dkt No. 4 at ¶¶ 98-103 and Exhibit A.

3. Plaintiff attempts to artfully plead around – by refusing to differentiate between the multitude of debtor entities and defendants – several critical facts that defeat Plaintiff's claims, including:

- Critical Fact No. 1: the Neighbors Debtor Entities **do not own or have an interest in** the funds allegedly transferred to Dr. Vo (and others).

- Critical Fact No. 2: the specific debtor entity, if any, that distributed profits to Dr. Vo **was not insolvent** at the times the distributions were made.

By grouping the defendants together and ambiguously asserted that "[t]he Transfer Defendants are all individuals and entities *associated with* the Neighbors Debtor Entities" Plaintiff attempts to avoid the following facts: (a) Dr. Vo is a medical practitioner and a member of several of the Series LLCs (the "Series LLCs"); (b) the funds allegedly transferred to Dr. Vo were distributions of

profits rightfully owned by Dr. Vo, a Series LLC member; and (c) the entity that distributed profits was not insolvent on the date of the distributions.

4. In its First Amended Complaint (Adv. P. No. 20-03017, Dkt. No. 85) against Infinity Emergency Management Group, LLC, in which Plaintiff asserts identical fraudulent transfer claims under Bankruptcy Code and TUFTA[1], Plaintiff judicially admits that Dr. Vo and other Series LLC members own the profit and losses of each respective Series LLC. Specifically, Plaintiff admits:

> 35. To structure the operation of each new facilities, the Neighbors' O&Ds formed separate entities (the "NEC Entities") with respective to each emergency center they opened.
>
> 36. Each NEC Entity was owned 99% by NHS Emergency and 1% by Neighbors GP. **However, the "profits and losses" in each of these entities was owned via members interest in a "Series LLC"** that were tied to the profits and losses of each specific emergency center.
>
> 37. These Series LLCs were co-owned by the Neighbors' O&Ds and local emergency physicians who would staff them. … **This was supposed to be a mechanism that the profits and losses for each emergency center would be distributed to the Neighbors' O&Ds and local emergency physicians who staffed them**.

Pl.'s Am. Compl., Adv. P. No. 20-03017, Dkt. No. 85 at ¶¶ 35-37.

5. Plaintiff's judicial admissions makes clear that the Neighbors Debtors Entities do not have

---

[1] Plaintiff's allegations against Infinity Emergency Management Group track the allegations made against Dr. Vo in this Complaint. The First Amended Complaint reads:

> 65. In addition, from 2016 through 2018, Infinity Management Group, LLC received Transfers totaling approximately $2,213,61023.
>
> 66. At the time the Transfers were made, the Neighbors Debtors Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities.

Adv. P. No. 20-03017, Dkt. No. 85 at ¶¶ 65-66.

a right to, interest in or ownership claim to the profits and losses of the Series LCCs, and, consequently, Plaintiff neither has standing to assert, nor can it plead the facts necessary to allege actionable fraudulent transfer claims against Dr. Vo.

## SUMMARY OF THE ARGUMENT

6. Plaintiff's claims must be dismissed under Rules 12(b)(1) for lack of standing because Plaintiff judicially admits[2] that the Neighbors Debtor Entities neither own nor have a cognizable interest in the funds transferred to Dr. Vo. Absent a cognizable ownership interest in these funds, neither the estate nor the unsecured creditors have an injury to redress, and, consequently, the trustee does not have a cause action to recover these funds. *See Matter of Educators Group Health Tr.*, 25 F.3d 1281, 1284 (5th Cir. 1994) ("[I]f the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate."); *see also In re Black Elk Energy Offshore Operations, LLC*, 15-34287, 2016 WL 4055044, at *3 (Bankr. S.D. Tex. July 26, 2016) (holding tax claims asserted by the LLC equity owners "would not be an injury to the estate that flowed through the estate to injure creditors" and, as a result, the Trustee did not have standing).

7. Plaintiff's claims should be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted for the following three reasons:

- The Complaint fails to allege the basic facts required by Rule 8(a) including (1) the identity of each specific debtor that transferred funds to Dr. Vo; (2) that the funds transferred was an "interest of" or "asset" of that specific debtor; (3) that the specific debtor was insolvent on the date of each alleged transfer; (4) the specific debtor received less than reasonably equivalent value; and (5) the transfer of funds occurred within one or two years of July 18, 2018.

---

[2] *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983) (it is well settled that "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them.").

- Plaintiff's TUFTA claims are barred by the applicable one-year statute of repose set forth in § 24.010(3). TEX. BUS. COM. CODE § 24.010(3).

- Plaintiff has not and cannot plead facts with particularity as required by Rule 9(b) including the who, what, when and why as to the fraudulent conduct.

8. Absent dismissal, the Court should require Plaintiff to re-plead its claims and allege with specificity the following: (a) the identity of each debtor entity or entities that allegedly transferred funds to Dr. Vo and the other defendants; (b) facts demonstrating that the alleged funds are the rightful property and/or asset of that specific debtor; (c) the specific date(s) the funds were transferred; (d) factual data demonstrating that the specific debtor was insolvent on the date(s) the funds were transferred; (e) that the specific debtor received less than reasonably equivalent value; and (f) the Rule 9 particularity details as to each specific debtor's actual intent to hinder, delay and defraud.

## LEGAL STANDARD

### A. Rule 12(b)(1) Standard.

9. Under Rule 12(b)(1), a claim must be dismissed for lack of subject-matter jurisdiction. FRCP 12(b)(1). Where a plaintiff does not have standing to complain of the alleged acts and to seek the requested relief, the Court lacks subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998); *O'Donnell v. Harris Cnty.*, 227 F. Supp. 3d 706, 723 (S.D. Tex. 2016) ("Federal Rule of Civil Procedure 12(b)(1) applies to challenges to a plaintiff's standing."). "A court lacks power to decide a claim that a plaintiff lacks standing to bring. The plaintiff has the burden of demonstrating that subject-matter jurisdiction exists." *O'Donnell*, 227 F. Supp. 3d at 723.

10. To defeat a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proof and

must clearly allege facts demonstrating the following three elements: (1) Plaintiff has suffered an injury in fact; (2) that it is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *See NiGen Biotech, L.L.C. v. Paxton,* 804 F.3d 389, 396 (5th Cir. 2015) (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

**B. Rule 12(b)(6) Standard.**

11. In evaluating a complaint under 12(b)(6), a court examines whether the pleading states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A plausible claim arises when the complaint pleads sufficient facts to allow a court to draw a "reasonable inference" of the opposing party's liability for the misconduct alleged. *Id.* at 678, 129 S.Ct. 1937. In determining plausibility, a court accepts all well-pleaded facts in a complaint as true and views those facts in "the light most favorable to the plaintiff." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations omitted). However, threadbare recitals of the elements of a cause of action or mere conclusory statements, on the other hand, will not save the complaint. *Iqbal* 556 U.S. at 678.

12. Group pleading that confuses or conceals critical facts from the defendants do not satisfy the plausible claim requirements of *Iqbal* and *Twombly*. *See Iqbal* 556 U.S. at 678. When allegations are so vague or generic that it is impossible to discern which allegations are directed at which debtor entity and which defendant, dismissal is appropriate. *See Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.,* 3:18-CV-0854-D, 2019 WL 175078, at *7–8 (N.D. Tex. Jan. 10, 2019) (dismissing plaintiff's claims, in part, because they "ascribe singular acts to both defendants, or are otherwise too vague or internally contradictory to provide notice."); *Bittick v. JPMorgan Chase Bank, NA,* 2012 WL 1372126, at *7 (N.D. Tex. Apr. 18, 2012) ("[P]laintiff does not distinguish between Chase and Imperial when making his TILA

allegations. It is not possible for the court to discern from the Complaint which allegations are directed at which defendant."); *Washington v. U.S. Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 770 (N.D. Tex. 1996) ("Plaintiff may not rely on such global allegations that Defendants, as a group, committed such acts or omissions.").

13. When fraud is alleged, the circumstances constituting fraud must be plead with "particularity." FED. R. Civ. P. 9. This Court has determined that Rule 9 applies to actual fraudulent transfer claims under the Bankruptcy Code and TUFTA. *In re Northstar Offshore Group, LLC,* 16-34028, 2020 WL 1930148, at *26–27 (Bankr. S.D. Tex. Apr. 20, 2020). "[U]nder Rule 9, the Trustee 'must plead the who, what, when, where, and why as to the fraudulent conduct.'" Id. at 26 (quoting *Matter of Life Partner s Holdings, Inc.*, 926 F.3d 103, 117 (5th Cir. 2019)) (citation omitted).

14. Trustees in bankruptcy are not granted any special dispensation or a more lenient standard. To the contrary, Trustees are "held to the same heightened pleading standard as every other plaintiff that brings a fraud cause of action under Rule 9(b)." *In re NE 40 Partners, Ltd. P'ship*, 440 B.R. 124, 129 (Bankr. S.D. Tex. 2010) (citations omitted) (explaining that "the discovery tools available to a Chapter 7 trustee should allow a trustee to present the 'who, what, where, when, and how,' thus forcing trustees to do their homework before filing an adversary proceeding and subsequently improving judicial economy").

### C. Rule 12(e) Standard.

15. When a plaintiff's complaint lacks detail and fails to state a claim, courts generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. Fed. R. Civ. P. 15(a). The Court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane,

Federal Practice and Proc. § 1487 (2d ed. 1990).

## ARGUMENT & ANALYSIS

### A. Plaintiff Lacks Standing to Bring Claims.

16. The Court must dismiss Plaintiff's fraudulent transfer claims because Plaintiff has failed to allege and cannot prove: (1) a specific debtor suffered an injury in fact; (2) that it is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *See NiGen Biotech,* 804 F.3d at 396 (*citing Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)).

17. Plaintiff's claims against Dr. Vo must be dismissed for lack of standing because the funds transferred, *i.e.*, the profits owned by and distributed to the Series LLC members, are neither an asset nor an interest of the Neighbors Debtors Entities – a fact Plaintiff admits. *See* Pl.'s Am. Compl., Adv. P. No. 20-03017, Dkt. No. 85 at ¶¶ 35-37; *White v. ARCO/Polymers*, 720 F.2d 1391, 1396 (5th Cir. 1983) (it is well settled that "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them."); *see also In re Northstar Offshore Group, LLC,* 16-34028, 2020 WL 1930148, at *7 (Bankr. S.D. Tex. Apr. 20, 2020) (holding that a "court may take judicial notice of relevant facts in the context of a Rule 12(b)(6) motion."); *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007) (noting it is "clearly proper in deciding a 12(b)(6) motion, to take judicial notice of matters of public record").

18. Absent a cognizable ownership interest in the funds, neither the estate nor the unsecured creditors have an injury to redress, and, consequently, the trustee does not have standing to assert a cause of action to recover these funds. *See Matter of Educators Group Health Tr.,* 25 F.3d 1281, 1284 (5th Cir. 1994) ("[I]f the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement

of the case, and thus is not property of the estate."); *see also In re Black Elk Energy Offshore Operations, LLC,* 15-34287, 2016 WL 4055044, at *3 (Bankr. S.D. Tex. July 26, 2016)(holding tax claims harming all LLC equity owners in their pro rata share "would not be an injury to the estate that flowed through the estate to injure creditors" and, as a result, the Trustee did not have standing).

    **B. Plaintiff's Fraudulent Transfer Claims under 11 U.S.C §§ 544 and 548 and Section 24.006 of TUFTA Fail as A Matter of Law.**

        **1. The Series LLC Members Own the Funds – the Neighbors Debtors Entities Do Not Have "an Interest in" the Funds.**

19. Pursuant to §§ 544(b) and 548(a)(1), the Plaintiff *can only* recover transfers of "an interest *of the debtor* in property." 11 U.S.C §§ 544(b) and 548(a)(1) (emphasis added). Plaintiff's claims fail because the Neighbors Debtors Entities did not own or have an interest in the funds transferred. The funds transferred to Dr. Vo, if any, were distributions of the Series LLCs' profits that Dr. Vo – not the Neighbors Debtors Entities – owned as a member of the Series LLCs.

20. Plaintiff judicially admits that the profits and losses of the Series LLCs are owned by the members of the Series LLC, *see* Pl.'s Am. Compl., Adv. P. No. 20-03017, Dkt. No. 85 at ¶¶ 35-37, and, as a result, Plaintiff cannot plead or prove a critical element of its claim: that the funds transferred was a property interest of the Neighbors Debtors Entities. Dismissal is appropriate for this reason.

        **2. The Series LLC Members Own the Funds – the Funds Are Not an "Asset" of the Neighbors Debtors Entities.**

21. "TUFTA first requires that a 'transfer [is] made or [an] obligation [is] incurred by a debtor.'" *Sourcing Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 914 (N.D. Tex. 2015) (citing TEX. BUS. & COM. CODE § 24.005(a)). TUFTA defines "transfer" as "every mode … of disposing of or parting with an asset or an interest in an asset…" and " 'asset' as all property of the debtor"

*Sourcing Mgmt., Inc.*, 118 F. Supp. 3d at 914 (citing § 24.002(2)(A)); *U.S. ex rel. Small Bus. Admin. v. Commercial Tech.*, 354 F.3d 378, 385 (5th Cir. 2003) (citing TEX. BUS. & COM. CODE § 24.002(12)) (emphasis in original).

22. Plaintiff's TUFTA claims are not actionable because the complained of transfers in this action did not involve assets of the debtor. Plaintiff judicially admits that the funds transferred to Dr. Vo, *i.e.,* profits from Series LLCs, are not assets of the Neighbors Debtors Entities, and, consequently, Plaintiff has failed to state a claim for which relief can be granted.

### 3. Plaintiff's TUFTA Claims are Barred by the Statute of Repose.

23. Plaintiff's TUFTA claims against Dr. Vo are barred by the applicable one-year statute of repose set forth in § 24.010(3). *See* TEX. BUS. COM. CODE § 24.010(3)(b)(2). Section 24.010(3) provides that claims asserted under Section 24.006(b) of TUFTA are extinguished within one year after the date the transfer was made. Id.; *see Clapper v. Am. Realty Inv'r, Inc.,* No. 3:14-CV-2970-D, 2018 WL 3868703, at *12 (N.D. Tex. Aug. 14, 2018) (quoting Nathan v. Whittington, 408 S.W.3d 870, 874 (Tex. 2013) ("Unlike a statute of limitations, a statute of repose does not only 'procedurally bar an untimely claim, it substantively "extinguishes" the action.' "). To the extent Plaintiff is asserting claims against Dr. Vo as an alleged "insider" these claims fails as a matter of law because Plaintiff filed this adversary proceeding in 2020 - well outside the one year window for bringing claims related to transfers that allegedly occurred in 2016 and 2017.

### 4. The Plaintiff's Claim for Attorneys' Fees Fails under Federal Law.

24. Sections 547, 548, or 550 of the Bankruptcy Code do not provide for the recovery of attorneys' fees. To the extent Plaintiff seeks to recover its attorneys' fees under the Bankruptcy Code, Plaintiff's claims fail as a matter of law because Congress did not provide for attorneys' fees as an element of recovery in avoidance actions.

### C. Plaintiff's Complaint Fails to Plead Sufficient Facts to State Constructive and Actual Fraudulent Transfer Claims.

#### 1. Failed to Plead Constructive Fraudulent Transfer Claims.

25. "Under 11 U.S.C. § 548(a)(1)(B) a constructive fraudulent transfer is: (i) a transfer made of the debtor's property; (ii) within two years of the petition date; (iii) in which the debtor received less than reasonably equivalent value in exchange; and (iv) the debtor was insolvent at the time of such transfer." *In re Black Elk Energy Offshore Operations, LLC,* 15-34287, 2019 WL 3889761, at *5 (Bankr. S.D. Tex. Aug. 16, 2019); *see* 11 U.S.C. § 548(a)(1)(B). Under TUFTA a transfer is avoidable when: "(i) the transfers were made without the Debtor receiving a reasonably equivalent value in exchange for the transfers; (ii) the Debtor was insolvent at the time of the transfers; (iii) a creditor exists whose claim arose before the occurrence of the transfers for whom the Trustee may act; and (iv) the cause of action arose within four years after the transfers were made." Id.; *see* TEX. BUS. & COMM. CODE § 24.006(a) (emphasis added).

26. The Complaint must be dismissed for failure to state a claim under the Bankruptcy Code and TUFTA because the Trustee failed to plead specific facts and further failed to present any financial data demonstrating that:

- the funds transferred were a specific debtor's property;
- the date of the transfer was within two years of July 18, 2018 (the bankruptcy petition date);
- the debtor who transferred the property received less than reasonably equivalent value; and
- the specific debtor who transferred property was insolvent at the time of the transfer.

As a result of these failings, the Court should dismiss Plaintiff's constructive fraudulent transfer claims.

#### 2. Failed to Plead Actual Fraudulent Transfer Claims.

27. Section § 548(a)(1)(A) only allows the Trustee to avoid an actual fraudulent transfer if: (i)

the debtor had an interest in property; (ii) a transfer of that interest occurred within one year of the filing of the bankruptcy petition; and (iii) the transfer was incurred with actual intent to hinder, delay, or defraud present or future creditors. 11 U.S.C. § 548(a)(1)(A).  Whereas, the elements of an actual fraudulent transfer under TUFTA are: "(i) a creditor; (ii) a debtor; (iii) the debtor transferred assets shortly before or after the creditor's claim arose; (iv) with actual intent to hinder, delay, or defraud any of the debtor's creditors." *In re Black Elk Energy Offshore Operations, LLC*, 15-34287, 2019 WL 3889761, at *4–5 (Bankr. S.D. Tex. Aug. 16, 2019); TEX. BUS. & COM. CODE § 24.005(a)(1).

28. Actual fraudulent transfer claims under § 548(a)(1)(A) and TUFTA are required to meet the "particularity" requirement of Rule 9.  *See In re Northstar Offshore Group, LLC*, 16-34028, 2020 WL 1930148, at *26 (Bankr. S.D. Tex. Apr. 20, 2020) ("[T]his Court will apply Rule 9(b)'s heightened pleading standards to actual fraudulent transfers.").  "[U]nder Rule 9(b), the Trustee 'must plead the who, what, when, where, and why as to the fraudulent conduct.'" Id (quoting *In re Life Partners Holdings, Inc.*, 926 F.3d at 117).

29. The Trustee failed to plead facts sufficient to detail the who, what, when and why required under Rule 9(b).  Specifically, the Trustee failed to plead:

- the who, *i.e.,* the identify the specific debtor making the transfer;
- the what, *i.e.*, the dollar amount of each distinct transfer of funds and the context or explanation for each transfer;
- the when, *i.e.,* that specific dates (month, day and year) of each transfer; and
- the why, *i.e.*, the details of the specific debtor's scheme and intent to defraud creditors.

As a result of these failings, the Court should dismiss Plaintiff's actual fraudulent transfer claims.

### D. Plaintiff's Improper Group Pleadings Do Not State a Claim for Which Relief Can Be Granted.

30. While "group pleading" for convenience is tolerated by the courts, "group pleading" that

intentionally confuses and conceals critical facts will not stand. *See Wilson,* 2019 WL 175078, at *7–8 (N.D. Tex. Jan. 10, 2019) (dismissing plaintiff's claims, in part, because they "ascribe singular acts to both defendants, or are otherwise too vague or internally contradictory to provide notice."); *Bittick*, 2012 WL 1372126, at *7 ("[P]laintiff does not distinguish between Chase and Imperial when making his TILA allegations. It is not possible for the court to discern from the Complaint which allegations are directed at which defendant."); *Washington*, 953 F. Supp. at 770 ("Plaintiff may not rely on such global allegations that Defendants, as a group, committed such acts or omissions.").

31. In the Complaint, Plaintiff consolidates fifty-one different debtor entities into one amorphous debtor, *e.g.*, the "Neighbors Debtor Entities" and likewise merges seventy-five different individuals and entities into an unwieldy single defendant, *e.g.*, "Transfer Defendants," and generically alleges the following:

> 99. The Neighbors Debtor Entities made the Transfers to or for the benefit of the Transfer Defendants.  Specifically, the cash from the Neighbors Debtor Entities [sic] bank account was sent directly to the Transfer Defendants.  Each of the Transfer Defendants received the funds from the Debtor Entities in 2016-2018.  Summaries of those transfers are listed it the attached Exhibit A and total more than $22 million.
>
> 100. The Transfers were made from funds in the Debtor's bank account and was a transfer of an interest in property of the Neighbors Debtors Entities.
>
> 101. The Neighbors Debtor Entities received less than reasonably equivalent value for the Transfers.
>
> 102. The Neighbors Debtor Entities were insolvent when it made the Transfer as the air market value of their assets exceed their liabilities. …

*See* Pl.'s Am. Compl., Dkt No. 4 at ¶¶ 98-102.  These vague allegations make it impossible for Dr. Vo and the other defendants to discern basic information needed to put them on notice as to the complaints against them.  Specifically, it is impossible to determine (1) which specific debtor transferred funds to which specific defendant; (2) the dollar amount and specific purpose, *e.g.,*

profit distributions, payment of past due loans or gift, for each transfer; (3) the date (day, month and year) of each transfer; and (4) financial details demonstrating that specific debtor's insolvency on the date of each transfer.

32. The Court should dismiss Plaintiff's claims with prejudice because the Plaintiff's egregious group pleading and failure to plead the most basic information demonstrates that the Plaintiff cannot plead a cognizable claim against Dr. Vo and that there is not a good faith basis for asserting these claims.

### E.  The Court Should Dismiss the First Amended Complaint with Prejudice.

33. The Court should dismiss Plaintiff's First Amended Complaint without an opportunity to re-plead because Plaintiff has (i) had access to the books and financial records of the Neighbors Debtors Entities; (ii) litigated reasonably related claims in several adversary proceedings for several years; and (iii) received more than 5,000 pages of documents and discovery responses from the Neighbors Debtors Entities, their officers and directors and third parties, and, yet still failed to properly plead viable claims.

## CONCLUSION

34. For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed. If the Court is not inclined to grant full dismissal, Plaintiff should be required to provide a more definite statement of any claims that survive, so that the complaint alleges (a) the identity of the debtor entity or entities that allegedly transferred funds to Dr. Vo and the other defendants; (b) facts demonstrating that the funds are the lawful property and/or asset of that specific debtor; (c) the date or dates (including day, month and year) the funds were transferred; (d) facts showing that the specific debtor was insolvent on the date(s) the funds were transferred; (e) that the specific

debtor received less than reasonably equivalent value; and (f) the Rule 9 particularity details as to each specific debtor's actual intent to hinder, delay and defraud.

Date: July 15, 2020

                                                Respectfully Submitted,

                                                MOUERHUSTON PLLC

                                                By:  */s/ Allison Miller-Mouer*
                                                             Allison Miller-Mouer
                                                             State Bar No. 24043822
                                                            MouerHuston PLLC
                                                            349 Heights Blvd.
                                                            Houston, TX 77007
                                                            Telephone (832) 209-8871
                                                           Facsimile (832) 209-8158
                                                           allison@mouerhuston.com
                                                           *Counsel for Tom Vo, M.D.*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 15th day of July 2020, the foregoing instrument was served via BK/ECF on all parties who have appeared in this action as of the time of the filing of this motion.

                                                            */s/ Allison Miller-Mouer*
                                                            Allison Miller-Mouer