IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | |
| NEIGHBORS LEGACY HOLDINGS, INC., | CASE NO. 18-33836-H1-11 |
|     Debtor | Chapter 11 |
| | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES, | |
|     Plaintiff | |
| VS. | ADV. NO. 20-03016 |
| TOM VO, ET AL., | JURY DEMANDED |
|     Defendants | |

## INITIAL RULE 26 DISCLOSURES
## BY DEFENDANT BANKYMED EMERGENCY MANAGEMENT PLLC

To: Plaintiff, Mark Shapiro, Trustee of the Unsecured Creditor Trust of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates, by and through the Plaintiff's attorney of record, Clifford H. Walston of the law firm of Walston Bowlin, LLP to email address cliff@walstonbowlin.com

Comes now Bankymed Emergency Management PLLC, Defendant, and pursuant to

Fed.R.Civ.P. 26 and Fed.R.Bankr.P 7026 makes its initial disclosures, and respectfully

represents:

    A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the Plaintiff may use to support its claims or defenses, unless solely for impeachment:

Dr. Olushola Bankole, MD, 14815 Lisa Lane, Beaumont, TX 77713, phone 281-217-4415, email sholaadunni@gmail.com

B.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the Plaintiff and that the Plaintiff may use to support its claims or defenses, unless solely or impeachment:

Bankymed Exhibits

| EXHIBIT | DESCRIPTION OF EXHIBIT |
|---|---|
| 1 | Investor Share Request Form |
| 2 | Payments to NEC Port Arthur Emergency Center LP |
| 3 | Payments Received From NEC Port Arthur Emergency Center LP |
| 4 | Financial Statements of NEC Port Arthur Emergency Center LP as of October 31, 2017 |
| 5 | Summary |

Copies of Bankymed's exhibits are served upon the Trustee's attorney of record along with these disclosures.

C.  A computation of any category of damages claimed by Plaintiff, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged, or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**Background Facts**

Bankymed Emergency Management PLLC invested the sum of $75,000 to purchase a 3 percent Class B limited partnership interest in NEC Port Arthur Emergency Center LP. Bankymed Emergency Management PLLC and Dr. Bankole did not participate in the management of NEC Port Arthur Emergency Center LP or the Port Arthur clinic, and was merely an equity investor in the limited partnership.

**NEC Port Arthur Emergency Center LP was Not Insolvent**

Bankymed Emergency Management PLLC received distributions of money from NEC Port Arthur Emergency Center LP in the years 2016 and 2017 in the total amount of $61,780.68. All of the distributions were paid at times when NEC Port Arthur Emergency Center LP was solvent, and it did not become insolvent as a result of the payments to Bankymed Emergency Management PLLC.  This is proved by the Financial Statements of NEC Port Arthur Emergency Center LP as of October 31, 2017 (Bankymed Exhibit 4).  The Port Arthur clinic was profitable and is still in business today.

**Bankymed Did Not Receive Less Than a Reasonably Equivalent Value
In Exchange, as the Amount Invested was More than the Amounts Received**

The total of amount of money invested by Bankymed Emergency Management PLLC to purchase its 3% Class B limited partnership equity interest in NEC Port Arthur Emergency Center LP more more than the total of all distributions which Bankymed Emergency Management PLLC received from NEC Port Arthur Emergency Center LP. Even in the case of a debtor which is a totally fraudulent venture, an innocent investor is entitled to retain distributions he receives, up to the amount of his equity investment.

Courts have held that an equity investor gives value in exchange for return of principal even in the case of a Ponzi scheme. Distributions from a Ponzi scheme debtor to equity investors are not recoverable under Bankruptcy Code Section 548, up to the amount of the investment, because the return of the investment is value taken in good faith under Bankruptcy Code Section 548(c). *Perkins v. Haines*, 661 F.3d 623 (11th Cir. 2011); *In re API Holdings, Inc.*, 525 F.3d 700 (9th Cir. 2008). And is a defense to avoidance, up to the amount of the investment, under Tex. Bus. & Comm. Code § 24.006(a). It is also a good faith transferee for value defense under 11 U.S.C. § 548(c) and Tex. Bus. & Comm. Code § 24.009(a).

Bankymed paid its portion of the federal income tax liability of NEC Port Arthur Emergency Center LP to the United States Treasury, and that is also value contributed in exchange for the distributions it received.

**No Fraudulent Intent**

The distributions made by NEC Port Arthur Emergency Center L.P. to Bankymed, and other equity limited partners, were made for the legitimate purpose of distributing to equity partners their lawful share of the profits of the limited partnership, and to enable the equity limited partners to pay their share of the federal income tax liability of the limited partnership, and not for the purpose of placing assets beyond the reach of its creditors. Like all limited partnerships, NEC Port Arthur Emergency Center LP was and is a pass through entity for federal income tax purposes. Limited partnerships do not pay federal income taxes directly, but rather pass the federal income tax liability to the limited partners by K-1 statements. The income tax obligation of the limited partnership is paid by the limited partners, and the distributions by NEC Port Arthur Emergency Center LP, including Bankymed, were made in part for the purpose of supplying the limited partners with money to enable the limited partners to pay their share of the federal income tax liability of the limited partnership, and Bankymed paid its portion of the federal income tax liability of NEC Port Arthur Emergency Center LP to the United States Treasury. A debtor may prefer one creditor over another creditor in applying its assets to discharge of obligations and paying one creditor instead of another is not normally a transfer in fraud of creditors. *Englert v. Englert*, 881 S.W.2d 517 (Tex. App.–Amarillo 1994, no writ). In bankruptcy, tax debts have a higher priority than do general unsecured claims. 11 U.S.C. § 507(a)(7).

The distributions were not made with intent to defraud creditors. On the dates of all of the distributions to Bankymed, and other equity limited partners, NEC Port Arthur Emergency

Center L.P. was a solvent entity, and all creditors whose claims arose before the distributions were made received payment of their claims. Under Tex.Bus. & Comm. Code § 24.006(a), transfers are avoidable only with respect to the claims of creditors "whose claim arose before the transfer was made." This is a necessary element of the Trustee's claims, which the Trustee cannot prove, in the case of NEC Port Arthur Emergency Center, L.P.

The Trustee has not identified, and cannot identify, any creditors of NEC Port Arthur Emergency Center L.P. whose claims arose before the dates of the distributions, whose debts were not paid. Without proof that there were any actual creditors of NEC Port Arthur Emergency Center, L.P. whose claim arose before the dates of the distributions, who went unpaid, the Trustee cannot make a case that the distributions were made with actual intent to defraud creditors. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

### Statute of Limitations

The Trustee's claims for avoidance of transfers to insiders of the debtors under Tex. Bus. & Comm. Code § 26.005(b), which occurred before July 12, 2017, are barred by the one year statute of limitations of Tex. Bus. & Comm. Code § 24.010(a)(3).

### Relief Requested

The Trustee is not entitled to recover anything from Bankymed Emergency Management PLLC on any theory alleged in the Trustee's Complaint.

Bankymed Emergency Management PLLC is entitled to recover its reasonable attorney's fees from the Plaintiff for the services of its attorney to defend this complaint, pursuant to Tex. Bus. & Comm. Code § 24.013.

D. Inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

None.

E. The identity of any person whom this Defendant may use at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence:

John Mayer, attorney at law, Ross, Banks, May, Cron & Cavin, P.C., 7700 San Felipe, Suite 550, Houston, Texas 77063, will offer factual and expert testimony as to the reasonable and necessary attorney services and attorney's fees for defending these Defendants.

Itemized statements describing the attorney services will be furnished at the appropriate time. The hourly rate is $350 per hour, which is a reasonable hourly rate.

At this time, a reasonable estimate of Bankymed Emergency Management PLLC's reasonable attorney's fees for defending the Trustee's Complaint is $20,000.

A copy of John Mayer's resume is served upon the Trustee's attorney of record along with these Disclosures.

        Respectfully submitted,

        ROSS, BANKS, MAY, CRON & CAVIN, P.C.

By: */s/ John Mayer/*
John Mayer
Texas Bar Number 13274500
Southern District Number 502092
7700 San Felipe, Suite 550
Houston, Texas 77063
Phone 713-626-1200
Email jmayer@rossbanks.com
Attorney for Defendant
Bankymed Emergency Management PLLC

## CERTIFICATE OF SERVICE

I certify that true copies of this document was served upon the Trustee by email to the Trustee's attorney of record Clifford Walston of the law firm of Walston Bowlin, LLP, to email address cliff@walstonbowlin.com, and on all persons who have entered an appearance in this case electronically by means of the Court's CM/ECF System contemporaneously with filing. This service was completed on August 10, 2020.

. */s/ John Mayer/*
 John Mayer