Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Defendants Donald Hubbard
and Thomas Mercado

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § | CASE NO. 18-33836-H1-11 |
| | § | Chapter 11 |
| Debtor. | § | |
| | | |
| MARK SHAPIRO, TRUSTEE | § | |
| OF THE UNSECURED CREDITOR TRUST | § | |
| OF NEIGHBORS LEGACY HOLDINGS, | § | |
| INC. AND ITS DEBTOR AFFILIATES, | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 20-03016 |
| v. | § | |
| | § | |
| TOM VO, et al., | § | |
| Defendants. | § | |

**DEFENDANTS DONALD HUBBARD'S AND THOMAS MERCADO'S
ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Donald Hubbard ("Hubbard") and Thomas Mercado ("Mercado") (collectively "Defendants"), by and through counsel, hereby submit their *Original Answer* (the

"Answer") to Plaintiff, Trustee Mark Shapiro's *First Amended Complaint* (the "Amended Complaint")[Doc. No. 4] and states as follows: The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's First Amended Complaint. To the extent the allegations within the First Amended Complaint are not expressly admitted, they are hereby denied. All answers and defenses are admitted or denied as to both named defendants except were expressly noted.

## I.     Jurisdiction and Venue

1. Defendants admit the allegation contained in ¶ 1 of the Amended Complaint.

2. Defendants admit the allegation contained in ¶ 2 of the Amended Complaint.

3. Defendants admit the allegation contained in ¶ 3 of the Amended Complaint.

4. The allegation contained in ¶ 4 of the Amended Complaint is such that Defendants are not required to respond.

5. Defendants admit the allegation contained in ¶ 5 of the Amended Complaint.

6. The allegation contained in ¶ 6 of the Amended Complaint is such that Defendants are not required to respond.

## II.     Parties

7. Defendants admit the allegation contained in ¶ 7 of the Amended Complaint.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 8 through 61 of the Amended Complaint.

62. Defendant Hubbard admits the allegation contained in ¶ 62 of the Amended Compliant; however Defendant Mercado lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in ¶ 62 of the Amended Complaint.

63.     Defendant Mercado admits the allegation contained in ¶ 63 of the Amended Compliant; however Defendant Hubbard lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in ¶ 63 of the Amended Complaint.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶¶ 64 through 85 of the Amended Complaint.

86.     The allegation contained in ¶ 86 of the Amended Complaint is such that Defendants are not required to respond.

### III.    Background Facts

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 87 of the Amended Complaint.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 88 of the Amended Complaint.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 89 of the Amended Complaint.

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 90 of the Amended Complaint.

91.     The allegation contained in ¶ 91 of the Amended Complaint is such that Defendants are not required to respond.

### B.    Neighbors Emergency Centers Transfers

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 92 of the Amended Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 93 of the Amended Complaint.

94. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 94 of the Amended Complaint.

95. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 95 of the Amended Complaint.

96. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 96 of the Amended Complaint.

### IV.  Claims and Causes of Action

97. The allegation contained in ¶ 97 of the Amended Complaint is such that Defendants are not required to respond.

98. The allegations contained in ¶ 98 are statement of relief such that Defendants are not required to respond.

99. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 99 of the Amended Complaint.

100. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 100 of the Amended Complaint.

101. Denies deny the allegation contained in ¶ 101 of the Amended Complaint.

102. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in ¶ 102 of the Amended Complaint.

103. The allegations contained in ¶ 98 are conclusions of law such that Defendants are not required to respond.

104. The allegations contained in ¶ 104 are statements of law such that Defendants are not required to respond.

105. The allegations contained in ¶ 105 are conclusions of law such that Defendants are not required to respond.

### V.     Jury Demand

106. The allegations contained in ¶ 106 are such that Defendants are not required to respond.

### VI.     Prayer

Defendants deny that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

In asserting these defenses, Defendants do not assume the burden of proof on any matters for which Plaintiff rightfully bears the burden of proof.  In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend their Answer and Defenses.

1. Plaintiff's claims are barred due to insufficient service of process as the summons was mailed after seven days from issuance in violation of Fed. Bankr. R. 7004(e).

2. Plaintiff's claims are barred or alternatively should be severed due to improper joinder of multiple defendants under Fed. R. Civ. P. 20 made applicable by Fed. R. Bankr. P. 7020.

3. To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, those claims are time-barred.

4. To the extent the Plaintiff failed to comply with any procedural prerequisites prior to bringing his claims in this action, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

5. Plaintiff's Amended Complaint fails to state a claim against the Defendants.

6. To the extent certain transfers occurred during the ordinary course of business or financial affairs of the Debtor and the transferee or made according to ordinary business terms, Plaintiff's fraudulent transfers claims are barred.

7. Plaintiff's claims are barred in whole or in part because Defendants gave value in good faith to Neighbors Debtors Entities in exchange for such transfer or obligation.

8. Plaintiff's claims are barred in whole because the Trustee has not met his burden of showing the transfers were made with the requisite intent.

9. To the extent Defendants are other than the initial transferee or the immediate or mediate transferees of the initial transferee, Plaintiffs claims are barred in whole or in part to the extent Defendants took for value and without knowledge of the voidability of the transfer avoided.

10. To the extent Neighbors Debtors Entities obtained financing from third parties by fraudulent acts or omissions and subsequently transferred such funds to Defendants, Plaintiffs claims are barred by Neighbors Debtors Entities unclean hands.

11. Any and all conduct of which Plaintiff complains or which is attributed to Defendants was a just and proper exercise of its management discretion, at all times privileged and justified, and undertaken for fair and honest reasons, in good faith and without malice.

12. Defendants reserve the right to assert additional defenses as they become known during the course of this litigation, and hereby reserve the right to amend this Answer for the purpose of asserting additional affirmative and other defenses.

Dated: September 25, 2020.

Respectfully submitted,

  /s/ *Joyce Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DONALD HUBBARD
AND THOMAS MERCADO

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all counsel of record and parties-in-interest.

  /s/ *Joyce Lindauer*
Joyce W. Lindauer