IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § | CASE NO. 18-33836-H1-11<br>CHAPTER 11<br>JOINTLY ADMINISTERED |
| Debtor. | § | |
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES, | § § § § § | |
| *Plaintiff* | § § | |
| VS. | § § | ADV. P. NO. 20-03016 |
| TOM VO ET AL. | § § § | |
| *Defendants.* | § | |

### DECLARATION IN SUPPORT OF MOTION FOR SUMMARY

The undersigned, having been made aware that this declaration is issued under penalty of perjury, states as follows:

1. My name is Stuart H. Clements, I am over 21 years of age, have never been convicted of a felony or misdemeanor involving moral turpitude, and I am competent to make this declaration. The facts stated herein are within my personal knowledge and are true and correct as indicated herein.

2. Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. has been retained by certain defendants, referred to as the Chamberlain Group, in the above styled adversary proceeding.

3. The facts contained in the Motion for Summary Judgment filed on behalf of the Chamberlain Group reference the Exhibits identified within the Motion and attached thereto.

4. The documentation identified as Exhibits were obtained by Chamberlain Hrdlicka from its clients comprising the Chamberlain Group. In turn, such documents were received

by the Chamberlain Group members directly from management of the Neighbors Debtor Entities and in the ordinary course of business, and constitute records of a regularly conducted activity as defined in Rule 803(6) of the Federal Rules of Evidence. Chamberlain Group members may testify to receiving such documents in the ordinary course of business for purposes of authentication and admissibility, if such testimony becomes necessary. Based on our review of the documents and investigation, I conclude that those documents are what they purport to be.

5. Additional documentation referenced in the Motion, including but not limited to account statements and general ledgers of the Neighbors Debtor Entities was obtained directly from the Data Room populated by Plaintiff and made available to all defendants as directed by the Court.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of September, 2020.

*[signature]*

Stuart H. Clements