# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| NEIGHBORS LEGACY HOLDINGS, INC., | § § § | CASE NO. 18-33836-H1-11 (Chapter 11) |
| Debtor. | § | |

| | | |
|---|---|---|
| MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES | § § § § § | ADV. P. NO. 20-03016 |
| *Plaintiff* | § § | |
| VS. | § § § | |
| TOM VO; BEAUMONT ER PHYSICIANS ASSOCIATES, PLLC; PRANAV SHUKLA; NEIGHBORS OF THE PERMIAN BASIN, LLC; ABARADO & DO FAMILY, LP; EMTEX INVESTMENTS, LLC; KENNETH DIREKLY; EMERGENCE HOLDINGS LLC; EDR INVESTMENTS LLC; ATIBA BELL; MEDICAL ASSOCIATED, PLLC; ALBERTO A. GONZALEZ, MD; EKTA POPAT; TOWARDS INFINITY LLC; AB PHYSICIAN SERVICES LLC; AHMED F. SHAIKH; ROY MARRERO; SPRING PASADENA INVESTMENTS, LLC; WILLIAM APPIAH; APPLIED ENHANCEMENTS, PLLC; FILLORY HOLDINGS, LLC; ANDREW O. OKAFOR, M.D. P.A.; ROGER STARNER JONES, JR.; MANUEL ACOSTA, PLLC; ISAAC FREEBORN; ADDISON HN VO INVESTMENTS LLC; JAMES LOCKE, MD; MEGADODO LLC; OBIDIKE R. AKAHARA MD PA; WISESTAFF, LLC; TEAMUS INVESTMENTS, LTD; DARUL | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

| | |
|---|---|
| SEHAT, PA; BANKYMED EMERGENCY MANAGEMENT, LLC; UPCLICK VENTURES, LLC; DAVID C. HERRERA, MD; ALI OSMAN; IVAN MELENDEZ; BAQIR HOLDINGS, PLLC; ROBERT WRIGHT, DO; JEFFERY P. REBOUL, DO; STUART R. QUARTERMONT, MD; C. GUADARRAMA PLLC; OMOTOLA O. JAIYEBO; ELANIE UCBAMICHAEL, MD; EDGAR HERNANDEZ, MD; HAYWOOD HALL; JORGE JAVIER ESCOBAR JR., MD PA; DONALD HUBBARD, MD PA; THOMAS M. MERCADO, MD PLLC; JORGE; BARAJAS, MD PA; MICHAEL MOHUN; PETER SHELBY EVANS, MD; ISABEL REYNA, MD; HAYNES EMERGENCY MEDICINE, PA; MARIA AGUINAGA, MD PA; CANDANOSA MD PA; JMZ PLLC; HAMAN HEALTHCARE GROUP, LLP; SHANNON SPIGENER PLLC; OLGA LANGLY; DON HARPER; SDR HEALTHCARE INC; SALVADOR ELIZARRARAZ, JR., MD PA; | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |
| *Defendants.* | § |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE: COMES NOW, PLAINTIFF MARK SHAPIRO, TRUSTEE OF THE UNSECURED CREDITOR TRUST OF NEIGHBORS LEGACY HOLDINGS, INC. AND ITS DEBTOR AFFILIATES and files this Second Amended Complaint, and for cause of action would show as follows:

## I.
## Jurisdiction and Venue

1. This adversary proceeding is commenced in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. This Court has subject-matter jurisdiction over this over this action pursuant to 28 U.S.C. §1334(b) because this adversary proceeding arises in, arises under, and/or relates to the Neighbors Debtor Entities chapter 11 case(s).

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2).

4. Pursuant to Federal Rule of Bankruptcy Procedure 7008, the Unsecured Creditor Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter.

5. Venue is proper in this district under 28 U.S.C. §1409(a). This adversary proceeding is related to a bankruptcy case under Chapter 11 of the Bankruptcy Code that is pending in this district as consolidated case number 18-33836.

6. The statutory basis for this complaint is §§547, 458, and 550 of the Bankruptcy Code as well as Texas Business and Commerce Code §24.006.

## II.
## Parties

7. Plaintiff Mark Shapiro, Trustee of the Unsecured Creditor Trust ("Unsecured Creditor Trustee"), brings this action on behalf of the Unsecured Creditor Trust created as a part of the Confirmation Order approving the *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan").

8. Defendant Thomas Vo, aka Tom Vo, is an individual resident of Texas who may be served at 4531 Oleander St., Bellaire, Texas 77401.

9. Defendant Beaumont ER Physicians Associates, PLLC is a Texas professional limited liability company that may be served through its Registered Agent Shannon Orsak, 16062 Southwest Freeway #2, Sugar Land, Texas 77479.

10. Defendant Pranav Shukla is an individual resident of Texas who may be served at 1206 Doughty Place, Sugar Land, Texas 77479.

11. Defendant Neighbors of the Permian Basin, LLC is a Texas limited liability company that may be served by its Registered Agent Vik Wall, 18 Sapphire St., Odessa, Texas 79762.

12. Defendant Abarado & Do Family, LP is a Texas limited partnership that may be served by its Registered Agent California Rough Do, 7606 Hampden Court, Sugar Land, Texas 77479.

13. Defendant Emtex Investments, LLC, is a Texas limited liability company that may be served by its Registered Agent Judy Thomas, 3001 Murworth Dr., Unit 1602, Houston, Texas 77025.

14. Defendant Kenneth Direkly is an individual resident of Texas who may be served at 1141 Rymers Switch Lane, Friendswood, Texas 77546.

15. Defendant Emergence Holdings LLC is a Texas limited company that may be served by its Registered Agent Richard Joe Ybarra, 1902 Pease St., Suite A, Harlingen, TX 78550.

16. Defendant EDR Investments LLC, is a Texas limited company that may be served by its Registered Agent Eric Roberson, 315 Hughes Rd., Dickinson, Texas 77539.

17. Defendant Atiba Bell Medical Associated, PLLC, is Texas professional limited liability company that may be served by its Registered Agent Atiba Bell, 22206 Mission Hills Lane, Katy, Texas 77450.

18. Defendant Alberto A. Gonzalez, MD is an individual resident of Texas who may be served at 207 S. Bauer Point Circle, Spring, Texas 77389.

19. Defendant Ekta Popat is an individual resident of Texas who may be served at 1010 Reinhart Ave., Sugar Land, TX 77479.

20. Defendant Towards Infinity LLC is a Texas limited liability company that may be served by its Registered Agent Radheshyam Miryala, 3017 S. Island Dr., Seabrook, Texas 77586.

21. Defendant AB Physician Services LLC is a Texas limited liability company that may be served by its Registered Agent Antonio Bueso, 750 Marlin Dr., Abilene, Texas 79602.

22. Defendant Ahmed F. Shaikh is an individual resident of Texas who may be served at 2905 Amherst St., Houston, Texas 77005.

23. Defendant Roy Marrero is an individual resident of Texas who may be served at 3709 Gertin Street, Houston, Texas 77004.

24. Defendant Spring Pasadena Investments, LLC is a Texas limited liability company that may be served by its Registered Agent Long Le, 3411 Summer Bay Dr., Sugar Land, Texas 77478.

25. Defendant William Appiah is an individual resident of Texas who may be served at 1906 Mystic Arbor Lane, Houston, Texas 77077.

26. Defendant Applied Enhancements, PLLC is a Texas professional limited liability company and may be served by its Registered Agent Manohar M. Alloju, 14340 Torrey Chase Blvd., Suite 110, Houston, Texas 77014.

27. Defendant Fillory Holdings, LLC is a Texas limited liability company and may be served by its Registered Agent Lance Hill, 1013 Greenwood Lane, Lewisville, Texas 75067.

28. Defendant Andrew O. Okafor, M.D. P.A. is an individual resident of Texas who may be served at 12210 Ashley Circle Dr., West, Houston, Texas 77071.

29. Defendant Roger Starner Jones, J., is an individual resident of Texas who MD may be served at 2405 Barton Shore Dr., Pearland, Texas 77584.

30. Defendant Manuel Acosta, PLLC is a Texas professional limited liability company and may be serve by its Registered Agent Manuel E. Rodriguez Acosta, 3131 Memorial Court, #8104 Houston, Texas 77007.

31. Defendant Isaac Freeborn is an individual resident of Texas who may be served at 6703 Winston St., Houston, Texas 77021.

32. Defendant Addison HN Vo Investments LLC is a Texas limited liability company and may be served by its Registered Agent Phuc Hong Vo, 3537 High Vista Dr., Carrollton, Texas 75007

33. Defendant James Locke, MD is an individual resident of Texas who may be served at 2457 Baycrest Dr., Houston, Texas 77058.

34. Defendant Megadodo LLC is a Texas limited liability company and may be served by its Registered Agent Jason Gukhool, 4141 Lovers Lane, Dickinson, Texas 77539.

35. Defendant Obidike R. Akahara MD PA is an individual resident of Texas who may be served at 7638 Westmoreland Dr., Sugar Land, TX 77479.

36. Defendant Wisestaff, LLC is a Texas limited liability company and may be served by its Registered Agent Incorp Services, Inc., 815 Brazos, Suite 500, Austin, Texas 78701.

37. Defendant Teamus Investments, LTD is a Texas limited liability company and may be served by its Registered Agent Steven Downie, 705 Randolph Circle, Beaumont, Texas 77706.

38. Defendant Darul Sehat, PA is an individual resident of Texas who may be served at 1914 West Gray Street, Unit 105, Houston, Texas 77019.

39. Defendant Bankymed Emergency Management, LLC is a Texas limited liability company and may be served by its Registered Agent Olushola Bankole, 14815 Lisa Lane, Beaumont, Texas 77713.

40. Defendant Upclick Ventures, LLC is a Texas limited liability company who may be served at 1119 Woodbank Dr., Seabrook, Texas 77486.

41. Defendant David C. Herrera, MD is an individual resident of Texas who may be served at 4624 Pin Oak Lane, Bellaire, TX 77401.

42. Defendant Ali Osman is an individual resident of Texas who may be served at 3390 Heights Avenue, Beaumont, Texas 77706.

43. Defendant Ivan Melendez is an individual resident of Texas who may be served at 3304 N. Bryan Road, Mission, Texas 78573.

44. Defendant Baqir Holdings, PLLC is a Texas professional limited liability company and may be served by its Registered Agent Ahmed F. Shaikh, 2905 Amherst Street, Houston, Texas 77005.

45. Defendant Robert Wright, DO is an individual resident of Texas who is an individual resident of Texas who may be served at 3544 Kanati Cove, Collage Station, Texas 77845.

46. Defendant Jeffery P. Reboul, DO is an individual resident of Texas who may be served at 6550 Truxton Ln., Beaumont, Texas 77706.

47. Defendant Stuart R. Quartermont, MD is an individual resident of Texas who may be served at 4801 Appel Valley Ct., College Station, Texas 77845.

48. Defendant C. Guadarrama PLLC is a Texas professional limited liability company and may be served by its Registered Agent Christopher Guadarrama, 1255 Carrizo Lane, Brownsville, Texas 78520.

49. Defendant Omotola O. Jaiyebo is an individual resident of Texas who may be served at 3726 Treasure Island Dr., Montgomery, Texas 77356.

50. Defendant Elanie Ucbamichael, MD is an individual resident of Texas who may be served at 3195 Dowlen Rd., Suite 101, Beaumont, Texas 77706.

51. Defendant Edgar Hernandez, MD is an individual resident of Texas who may be served 2601 Santa Monica, Mission, Texas 78572.

52. Defendant Haywood Hall is an individual resident of Texas who may be served at 220 n. Zapata Hwy, #228A, Laredo, Texas 78043.

53. Defendant Jorge Javier Escobar Jr., MD PA is an individual resident of Texas who may be served at 204 Rancho Del Rey, Mission, Texas 78572.

54. Defendant Donald Hubbard, MD PA is an individual resident of Texas who may be served at 1710 S. Polk St., Amarillo, Texas 79102.

55. Defendant Thomas M. Mercado, MD PLLC is a Texas professional limited liability company and may be served by its Registered Agent Rebel Inez Mercado, 3502 Kensington Pl., Amarillo, Texas 79121.

56. Defendant Jorge Barajas, MD PA is an individual resident of Texas who may be served at 3005 Laurie Ln., Edinburg, Texas 78539.

57. Defendant Michael Mohun is an individual resident of Texas who may be served at 1000 North 8th Street, McAllen, Texas 78501.

58. Defendant Peter Shelby Evans, MD is an individual resident of Texas who may be served at 11431 Lakeside Place Dr., Houston, Texas 77077

59. Defendant Isabel Reyna MD is an individual resident of Texas who may be served at 2210 Northgate Drive, Weslaco, Texas 78599.

60. Defendant Haynes Emergency Medicine, PA is a Texas professional association and may be served by its Registered Agent Philip A. Haynes, 604 Hidden Pine Lane, Friendswood, Texas 77546.

61. Defendant Maria Aguinaga, MD PA is an individual resident of Texas who may be served at 701 Jay Ave., McAllen, Texas 78504.

62. Defendant Candanosa MD PA is an individual resident of Texas who may be served at 2307 Victoria Ave., Edinburg, TX 78539.

63. Defendant JMZ PLLC is a Texas professional limited liability company and may be served by its Registered Agent United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

64. Defendant Haman Healthcare Group, LLP may be served 1474 W. Price Rd., Suite 7, Brownsville, Texas 78520 (P.O. Box 3072, Brownsville, Texas 78523).

65. Defendant Shannon Spigener PLLC is a Texas professional limited liability company and may be served by its Registered Agent Michelle Tribble, 1801 E. 51st St., Building H, Austin, Texas 78723.

66. Defendant Olga Langly is an individual resident of Texas who may be served 3205 South 6th Lane, McAllen, Texas 78503.

67. Defendant Don Harper is an individual resident of Texas who may be served at 810 N. Louise St., Atlanta, Texas 75551.

68. Defendant SDR Healthcare Inc, is at Texas corporation and may be served by its Registered Agent Dr. Jason Seungdamrong, 3000 Blackburn St., Apt 2311, Dallas, Texas 75204.

69. Defendant Salvador Elizarraraz, Jr., MD PA is a Texas professional association who may be served at 2001 Fullerton Ave., McAllen, Texas 78504.

70. The above Defendants are hereinafter collectively referred to as the "Transfer Defendants."

## III.
## Background Facts

71. On July 12, 2018 (the "Petition Date"), the Neighbors Defendants and certain other affiliates[1] (collectively, the "Neighbors Debtor Entities") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

72. On March 22, 2019, the Court entered an Order (the "Confirmation Order") confirming the *First Amended Joint Plan of Liquidation of Neighbors Legacy Holdings, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "Plan").

73. The Confirmation Order and Plan, among other things, approved the formation of the Unsecured Creditor Trust on the effective date of the Plan, which occurred on April 8, 2019 (the "Effective Date") and the appointment of the Unsecured Creditor Trustee to administer the Unsecured Creditor Trust.

74. Pursuant to the Plan, the Unsecured Creditor Trust is charged with maximizing value for the benefits of its beneficiaries. As a part of the Plan, the Neighbors Debtor Entities retained certain

---

[1] The Neighbors Debtor Entities include Neighbors Legacy Holdings, Inc., Neighbors Global Holdings, LLC, Neighbors Health, LLC, NEC Bellaire Emergency Center, LP, NEC Kingwood Emergency Center, LP, NEC Baytown Emergency Center, LP, NEC Pasadena Emergency Center, LP, NEC Pearland Emergency Center, LP, NEC Lakeline Emergency Center, LP, NEC Beaumont Emergency Center, LP, NEC Mueller Emergency Center, LP, NEC Yorktown Emergency Center, LP, NEC Crosby Emergency Center, LP, NEC Orange Emergency Center, LP, NEC Midland Emergency Center, NEC Zaragoza Emergency Center, LP, NEC Tyler Emergency Center, LP, NEC Eastside Emergency Center, LP, NEC Port Arthur Emergency Center, LP, NEC Texas City Emergency Center, LP, NEC Odessa Emergency Center, LP, NEC Harlingen Emergency Center, LP, NEC Amarillo Emergency Center, LP, NEC Porter Emergency Center, LP, NEC Brownsville Emergency Center, LP, NEC McAllen Emergency Center, LP, NEC Wichita Falls Emergency Center, LP, NEC Longview Emergency Center, LP, NEC Texarkana Emergency Center, LP, NEC San Angelo Emergency Center, LP, NEC College Station Emergency Center, LP, NEC Lufkin Emergency Center, LP, NEC West Warwick Emergency Center, LP, NEC Lubbock Emergency Center, LP, NEC Greeley Emergency Center, LP, Next Door Urgent Care, LLC, NEC Paris Emergency Center, LP, NEC Kerrville Emergency Center, LP, NEC Amarillo South Emergency Center, LP, EDMG, LLC, Neighbors Emergency Center, LLC, Neighbors GP, LLC, Neighbors Physician Group, PLLC, Neighbors Practice Management, LLC, Neighbors Physician Group – Colorado, LLC, NEC Pharr Emergency Center, LP, NEC Kingwood Asset Holdings, LLC, NEC Baytown Asset Holdings, LLC, NEC Pearland Asset Holdings, LLC, NEC Beaumont Asset Holdings, LLC.

causes of action, including those asserted in this matter.[2] Those Retained Causes of Actions were then subsequently assigned to the Unsecured Creditor Trust as a part of the establishment of the trust.[3]

75. Accordingly, the Unsecured Creditor Trustee now brings the claims asserted below and would show the Court the following:

### B. Neighbors Emergency Centers Transfers

76. The Neighbors Debtor Entities are a group of entities that that owned and operated freestanding emergency centers in and around the State of Texas. The Transfer Defendants are all individuals and entities associated with the Neighbors Debtor Entities.

77. At all times, the Neighbor Debtor Entities operated as a common business enterprise. The entities were controlled by the same group of officers and directors. They maintained consolidated financial statements. They cross-guaranteed all debt of the other entities. They transferred funds back and forth amongst the entities as needed.

78. Starting in 2014, Neighbors undertook a massive expansion campaign fueled by debt. Initially, this expansion was funded by a $31 million debt transaction with BBVA Compass in 2014, which was later increased to $50 million. By the end of 2015, Neighbors had opened eighteen locations.

79. To further fuel Neighbors' expansion vision, it also obtained a $150 million term loan from a syndicate led by Key Bank in late 2015. By the end of 2016, Neighbors had continued its massive expansion plans, having opened a total of thirty-two locations.

80. However, much of these funds we not spent on improving assets owned by any Neighbor Debtor Entity. Instead, tens of millions of dollars were spent on leasehold improvements, fixtures,

---

[2] *See* the Plan at Cause No. 18-33836, Docket No. 854 at ¶123.
[3] *See* Unsecured Creditor Trust Agreement at Cause No. 18-33836, Docket No. 802-2 at p. 5.

etc. for properties owned by third parties, namely Reed King affiliated entities. These improvements were then booked on the balance sheet of Neighbors as an asset at their actual cost. However, the actual value of these improvements that were made to properties owned by third parties to Neighbors was far less. Indeed, it appears that by mid 2016 approximately $60 million had been spent to improve assets owned by approximately $80 million by the end of 2017. All of these expenditures were financed from the massive borrowings of Neighbors through Key Bank as outlined above.

81. Corporate financial statements appear to indicate that, at times, Neighbors did track at which location some of these expenditures were made. For example, the chart below lists the balance of the Key Bank debt subaccounts for the following locations as of year-end 2015.

| Neighbors Entity | Date | Account Balance |
| --- | --- | --- |
| NEC Baytown Emergency Center, LP | 12/31/2015 | $1,531,760.00 |
| NEC Pasadena Emergency Center, LP | 12/31/2015 | $1,240,840.00 |
| NEC Yorktown Emergency Center, LP | 12/31/2015 | $4,197,179.00 |
| NEC Crosby Emergency Center, LP | 12/31/2015 | $2,290,744.00 |
| NEC Port Arthur Emergency Center, LP | 12/31/2015 | $2,300,549.00 |

82. However, as a part of the Neighbors common business enterprise, all of the corporate debt (not just the actual expenditures made at each respective location) was cross-guaranteed by each of the other Neighbor Debtor Entities. Despite this, neither the individual location-specific expenditures, nor the massive cross-guarantee of this huge obligation was not recorded on the balance sheets of each individual Neighbor Debtor Entity. Had this liability been recorded together with the true fair market value of the improvements as to each specific Neighbor's Debtor Entity been recorded on each entity's balance sheet, the balance sheet would demonstrate that all of the Neighbor

Debtor Entities were insolvent because they were co-guarantors of a massive debt obligation, the proceeds of which were largely used to improve assets owned by third parties.

83. Moreover, an examination of the financial health of Neighbors during the same period reveals that it did not have the financial strength to continue its business model. Utilizing the commonly accepted metric known as the Altman Z Score to measure financial health, Neighbors entered the "Distress" zone in which a bankruptcy would appear highly likely as early as late 2015. Thereafter, it would oscillate between the very bottom of the "Grey" zone of financial uncertainty and the "Distress" zone for the remainder of its existence, consistently in the "Distress" zone from third quarter of 2016 until bankruptcy.

84. Therefore, by the end of second quarter of 2016, these expenditures and guarantees rendered the Neighbors Defendants both insolvent as to the fair market value of their assets versus their liabilities. Moreover, the Neighbors Debtor Entities were also engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital as indicated by the Altman Z Score measuring its financial health. As a result, the Neighbors Debtor Entities could not make payments on its debts as they became due and ultimately filed for bankruptcy.

85. Each of the Transfer Defendants received transfers of funds ("Transfers") from the Neighbors Debtor Entities in 2016-2018. Summaries of those transfers are listed in the attached Exhibit A and total more than $22 million.[4]

86. At the time the Transfers were made, the Neighbors Debtor Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities. The

---

[4] The summary of transfers listed in Exhibit A includes some transfers that may ultimately be proven to be tax transfers, to which the Plaintiff expressly acknowledges that he is not trying to recover. Additionally, the summary also includes all transfers made in 2016. However, Plaintiff acknowledges that it is entitled to recover only those transfers that were made after July 12, 2016. Because of conflicting documentation within the corporate records, it is anticipated and expected that the portion of the 2016 transfers that occurred before July 12, 2016 will be established during discovery.

Neighbors Debtor Entities were engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital. Additionally, at the time of the Transfers, the Neighbors Debtor Entities could not make payments on its debts as they became due.

### IV.
### Claims and Causes of Action
**Recovery of Transfers Pursuant to 11 U.S.C. §§544, 548 & 550 and Texas Business and Commerce Code §24.006**

87. The Unsecured Creditor Trustee repeats and re-alleges the above paragraphs as if fully set forth herein.

88. The Unsecured Creditor Trustee seeks to avoid the Transfers as fraudulent pursuant to 11 U.S.C. §§544, 548, and applicable state law, including Texas Business and Commerce Code §24.006(a).

89. The Neighbors Debtor Entities made the Transfers to or for the benefit of the Transfer Defendants. Specifically, the cash from Neighbors Debtor Entities bank account was sent directly to the Transfer Defendants. Each of the Transfer Defendants received transfers of funds from the Neighbors Debtor Entities in 2016-2018. Summaries of those transfers are listed in the attached Exhibit A and total more than $22 million.[5]

90. The Transfers were made from funds in the Debtor's bank account and was a transfer of an interest in property of the Neighbors Debtor Entities.

91. The Neighbors Debtor Entities received less than reasonably equivalent value for the Transfers.

---

[5] The summary of transfers listed in Exhibit A includes some transfers that may ultimately be proven to be tax transfers, to which the Plaintiff expressly acknowledges that he is not trying to recover. Additionally, the summary also includes all transfers made in 2016. However, Plaintiff acknowledges that it is entitled to recover only those transfers that were made after July 12, 2016. Because of conflicting documentation within the corporate records, it is anticipated and expected that the portion of the 2016 transfers that occurred before July 12, 2016 will be established during discovery.

92. As discussed at length above, the Neighbors Debtor Entities were insolvent when it made the Transfers as the fair market value of their assets exceeded their liabilities. The Neighbors Debtor Entities were engaged in business or transactions for which any property remaining after the Transfer was an unreasonably small capital. Additionally, at the time of the Transfers, the Neighbors Debtor Entities could not make payments on its debts as they became due.

93. Therefore, the Transfers are avoidable as a fraudulent transfer under 11 U.S.C. §§544 & 548 and applicable state law, including Texas Business and Commerce Code §§24.006.

94. Section 550 of the Bankruptcy Code provides that if a transfer is avoided under §§544 and 548 of the Bankruptcy Code, the Unsecured Creditor Trustee may recover the property or the value of the property transferred from the initial transferee, the entity for whose benefit the transfer was made, or any immediate or mediate transferee of the initial transferee.

95. The Transfers or the value of the Transfers that are avoidable under §§544 or 548 of the Bankruptcy Code are recoverable for the Unsecured Creditor Trust under §550 of the Bankruptcy Code.

## V.
## Jury Demand

96. The Plaintiff demands a trial by jury as to all issues in this case.

## VI.
## Prayer

**WHEREFORE**, the Unsecured Creditor Trustee demands judgment against the Transfer Defendants:

  A. Determining that the Transfers are avoidable as fraudulent transfers under 11 U.S.C. §§544 and 548 and Texas Business and Commerce Code §24.006(a).

  B. Directing the Transfer Defendants to pay the Unsecured Creditor Trustee the value of the Transfers in the amount determined at trial, but not less than the

    amount set forth above in Exhibit A, plus interest and costs of suit under 11 U.S.C. §550(a).

C. To the extent that the Trustee recovers under 11 U.S.C. §544 and Texas Business and Commerce Code §24.006(a), attorney fees pursuant to Texas Business and Commerce Code §24.013.

D. For such other and further relief as the Court deems just and proper.

 

Respectfully Submitted,

**WALSTON BOWLIN, LLP**

*/s/ Clifford H. Walston*
CLIFFORD WALSTON
cliff@walstonbowlin.com
State Bar No. 24037666
4299 San Felipe Street, Suite 300
Houston, Texas 77027
(713) 300-8700
(713) 583-5020 Fax
**ATTORNEY FOR PLAINTIFF**


### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record through the CM/ECF system and on all other parties in accordance with the Federal Rules of Civil Procedure on December 10, 2020.

*/s/ Cliff Walston.*
Cliff Walston