In the United States Bankruptcy Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| IN RE: | § | |
| Neighbors Legacy Holdings, Inc., et al. | § | Case No. 18-33836-H1-11 |
| *Debtors* | § | Jointly Administered |
| | § | |
| | § | |
| Mark Shapiro, Trustee | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Adv. No. 20-03016 |
| | § | |
| Tom Vo, et al. | § | |
| *Defendants* | § | |

**PERMIAN BASIN GROUP DEFENDANTS' ANSWER TO
PLAINTIFF'S THIRD AMENDED COMPLAINT**
[Relates to Dkt. 94]

Certain Defendants—Neighbors of the Permian Basin LLC, Emergence Holdings LLC, Ahmed F. Shaikh, Roy Marrero, Applied Enhancements PLLC, Andrew O. Okafor, M.D. P.A., James Locke, M.D., Megadodo LLC, Obidike R. Akahara, M.D. P.A., William Appiah, M.D., Darul Sehat, P.A., Ali Osman, Ivan Melendez, Baqir Holdings PLLC, Robert Wright, D.O., Jeffery P. Reboul, D.O., C. Guadarrama PLLC, Omotola O. Jaiyebo, Edgar Hernandez, M.D., Haywood Hall, Jorge Javier Escobar, Jr., M.D. P.A., Jorge Barajas, M.D. P.A., Alberto A. Gonzalez, M.D., Spring Pasadena Investments, LLC, and Stuart R. Quartemont, M.D., collectively, the "Permian Basin Group Defendants", and submit this answer to Plaintiff's Third Amended Complaint [Dkt. 94] ("Third Amended Complaint") filed in the above-referenced matter.

**Response to Numbered Allegations**

Permian Basin Group Defendants respond to the numbered allegations in the Third Amended Complaint as follows. All allegations not expressly admitted are denied.

**Jurisdiction and Venue**

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted upon information and belief.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

**Parties**

7. Admitted upon information and belief.

8. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

9. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

10. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

11. Admitted.

12. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

13. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

14. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

15. Admitted.

16. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

17. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

18. Admitted.

19. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

20. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

21. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

28. Admitted.

29. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

30. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

31. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

32. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

33. Admitted.

34. Admitted.

35. Admitted.

36. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

37. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

38. Admitted.

39. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

40. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

41. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

51. Admitted.

52. Admitted.

53. Admitted.

54. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

55. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

56. Admitted.

57. The allegations in paragraph 57 do not require a response.

## Background Facts

58. Admitted upon information and belief.

59. Admitted upon information and belief.

60. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

61. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

62. Permian Basin Group Defendants admit that Plaintiff is asserting claims against them.

63. Admitted upon information and belief.

64. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

65. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

66. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

67. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

68. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

69. Permian Basin Group Defendants deny that the Neighbor Debtor Entities who are alleged to have made avoidable transfers were insolvent at the time such transfers were made. With respect to the other allegations in paragraph 69, Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

70. Denied.

71. Denied.

72. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

73. Denied.

## Claims and Causes of Action

74. Permian Basin Group Defendants re-assert their responses to Paragraphs 1-73 of the Third Amended Complaint.

75. Admitted upon information and belief.

76. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

77. Permian Basin Group Defendants do not have sufficient information to enable them either to admit or deny this allegation.

78. Denied.

79. Denied.

80. Denied.

81. Permian Basin Group Defendants admit that Section 550 of the Bankruptcy Code generally provides for the relief set out in paragraph 81.

82. Denied.

## Jury Demand

83. Permian Basin Group Defendants acknowledge Plaintiff's jury demand.

## Affirmative Defenses

84. Each of the alleged transfers from any of the Neighbors Debtor Entities to Permian Basin Group Defendants were intended by the Neighbors Debtor Entities and Permian Basin Group Defendants to be, and were, a substantially contemporaneous exchange for new value.

85. Any transfers from any of the Neighbors Debtor Entities to Permian Basin Group Defendants were in payment/satisfaction of debts incurred by the Neighbors Debtor Entities in the ordinary course of business or financial affairs of the Neighbors Debtor Entities and Permian Basin Group Defendants, and such payments were made (a) in the ordinary course of business or financial affairs of the Neighbor Debtor Entities and Permian Basin Group Defendants, and/or (b) according to ordinary business terms.

86. Permian Basin Group Defendants accepted all payments in good faith and for value, said value equaling or exceeding the amounts received.

87. The Neighbors Debtor Entities' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, limitations, fraud, and unclean hands.

88. The Neighbors Debtor Entities' claims are untimely, in whole or in part, under of 11 U.S.C. § 546(a).

89. The Neighbors Debtor Entities' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

90. No member of Permian Basin Group Defendants was a transferee of certain of the complained of transfers and such transfers were not made for any of their benefit.

91. For those transfers that were made to Permian Basin Group Defendants and are alleged to be avoidable fraudulent transfers, the transferor received reasonably equivalent value in exchange for such transfers and Permian Basin Group Defendants provided fair reasonably equivalent value.

92. At all material times, each of the Neighbor Debtor Entities who was a transferor of any of the alleged avoidable transfers was solvent at the time any such transfer was made and did not become insolvent as a result of any such transfer.

93. At all material times, and at the time any such transfer was made, none of the Neighbor Debtor Entities who was a transferor of any of the alleged avoidable transfers intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

94. At all material times, and at the time any such transfer was made, none of the Neighbor Debtor Entities who was a transferor of any of the alleged available transfers was

engaged in a business or transaction, or was about to engage in business or a transaction, for which any property remaining with such transferor was an unreasonably small capital.

95. For those transfers that were made to Permian Basin Group Defendants and are alleged to be avoidable fraudulent transfers, such transfers were not made with the intent to hinder, delay, or defraud any entity or person that was or became a creditor of the transferor.

96. To the extent any member of Permian Basin Group Defendants is determined to be an immediate or mediate transferee of any alleged avoidable transfer, such Permian Basin Group Defendant provided value, including satisfaction of an antecedent debt, in good faith, and without knowledge of the voidability of any such transfer.

97. Any claim based on an alleged transfer made before July 12, 2016 is barred pursuant to the Court's Order entered on November 20, 2020 (Dkt. 91).

98. Any claim based on an alleged transfer that constituted a "tax distribution" is barred pursuant to the Court's Order entered on November 20, 2020 (Dkt. 91).

99. Certain of the alleged transfers were not of property belonging to the alleged transferor.

100. The alleged transferor of each of the complained of transfers was not the owner of the funds transferred but either was a conduit and/or held the transferred funds in trust for another party.

101. To the extent any of the Neighbor Debtor Entities are determined to be insolvent as the result of contingent liabilities that were not disclosed to the Permian Basin Group Defendants, such Permian Basin Group Defendants have a fraud claim against the applicable Neighbor Debtor Entity(ies) that allow them to offset against Plaintiff's claims the amount of each such Permian Basin Group Defendant's lost investment.

102. Alleged transfers to the Permian Basin Group Defendants are not subject to avoidance to the extent such transfers were return of capital.

## Prayer for Relief

WHEREFORE, Permian Basin Group Defendants expressly deny that Plaintiff is entitled to any of the relief he seeks and respectfully request that Plaintiff's Third Amended Complaint be dismissed and all claims for relief be denied, and that Permian Basin Group Defendants be awarded their costs, expenses, and attorney fees as allowed by law.

Respectfully submitted,

**HAWASH CICACK & GASTON LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
Korri D. Bryant
Texas Bar No. 24097627
kbryant@hcgllp.com
3401 Allen Parkway, Suite 200
Houston, Texas 77019
(713) 658-9015 – tel/fax

*Counsel for Neighbors of the Permian Basin LLC, Emergence Holdings LLC, Ahmed F. Shaikh, Roy Marrero, Applied Enhancements PLLC, Andrew O. Okafor, M.D. P.A., James Locke, M.D., Megadodo LLC, Obidike R. Akahara, M.D. P.A., William Appiah, M.D., Darul Sehat, P.A., Ali Osman, Ivan Melendez, Baqir Holdings PLLC, Robert Wright, D.O., Jeffery P. Reboul, D.O., C. Guadarrama PLLC, Omotola O. Jaiyebo, Edgar Hernandez, M.D., Haywood Hall, Jorge Javier Escobar, Jr., M.D. P.A., Jorge Barajas, M.D. P.A., Alberto A. Gonzalez, M.D., Spring Pasadena Investments LLC, and Stuart R. Quartemont, M.D.*

**Certificate of Service**

  I certify that a true and correct copy of the foregoing was served on all counsel of record and parties in interest through the Court's CM/ECF system on December 30, 2020.

                */s/ Walter J. Cicack*
                Walter J. Cicack