IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 18-33836-H1-11** |
| **NEIGHBORS LEGACY HOLDINGS, INC.,** | § | **CHAPTER 11** |
| | § | **JOINTLY ADMINISTERED** |
| Debtor. | § | |
| **MARK SHAPIRO, TRUSTEE OF THE** | § | |
| **UNSECURED CREDITOR TRUST OF** | § | |
| **NEIGHBORS LEGACY HOLDINGS, INC.** | § | |
| **AND ITS DEBTOR AFFILIATES,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | **ADV. P. NO. 20-03016** |
| | § | |
| **TOM VO ET AL.** | § | |
| | § | |
| *Defendants.* | § | |

### CHAMBERLAIN GROUP DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Defendants AB Physician Services LLC, a Texas limited liability company, Abarado & Do Family, LP, a Texas limited partnership, Atiba Bell Medical Associates, PLLC, a Texas professional limited liability company, EDR Investments, LLC, a Texas limited liability company, EMTEX Investments, LLC, a Texas limited liability company, Ekta Popat, an individual resident of Texas, Fillory Holdings, LLC, a Texas limited liability company, Isaac Freeborn, an individual resident of Texas, Kenneth M. Direkly, an individual resident of Texas, Manuel Acosta, PLLC, a Texas professional limited liability company, Pranav Shukla MD, an individual resident of Texas, and Towards Infinity LLC, a Texas limited liability company (collectively, the

"Chamberlain Group"), by and through their attorneys of record, who file this Answer to Plaintiff's Third Amended Complaint ("Complaint"), and in support thereof, would show the Court as follows.

**ADMISSIONS & DENIALS**

Chamberlain Group Defendants respond to the numbered allegations in the Third Amended Complaint as follows.  All allegations not expressly admitted are denied.

**I.      Jurisdiction and Venue**

Chamberlain Group Defendants respond to the numbered allegations in the Third Amended Complaint as follows.  All allegations not expressly admitted are denied.

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

**II.      Parties**

7.      Admitted.

8.      Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

9.      Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

10.      Admitted.

11.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

16.     Admitted.

17.     Admitted.

18.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

23.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

24.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

25.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

26.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

27.     Admitted.

28.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

29.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

30.     Admitted.

31.     Admitted.

32.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

33.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

34.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

35.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

36.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

37.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

38.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

39.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

40.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

41.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

42.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

43.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

44.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

45.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

46.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

47.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

48.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

49.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

50.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

51.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

52.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

53.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

54.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

55.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

56.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

57.     Paragraph 57 requires no response.

### III.        Background Facts

58.     Admitted.

59.     Admitted.

60.     Admitted.

61.     Admitted.

62.     Chamberlain Group Defendants admit that Plaintiff is asserting the claims set forth in the Complaint, but deny the legitimacy of said claims.

63.     Chamberlain Group Defendant admit to the first sentence of Paragraph 63 and admit that the Transfer Defendants are all individuals and entities, as alleged in the second sentence of Paragraph 63, but lack sufficient information to admit or deny the remaining allegations in Paragraph 63.

64.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

65.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

66.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

67.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

68.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

69.     Chamberlain Group Defendants deny that the Neighbors Debtor Entities alleged to have made the transfers at issue in the Complaint were insolvent at the time such transfers were made.  Chamberlain Group Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 69.

70.     Denied.

71.     Denied.

72.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

73.     Denied.

## IV.     Claims and Causes of Action

74.     Chamberlain Group Defendants repeat and re-assert their response to Paragraphs 1 through 73 of the Third Amended Complaint as if fully set forth herein.

75.     Chamberlain Group Defendants admit that Plaintiff seeks to avoid the Transfers at issue in the Complaint, but deny that such claims are legitimate.

76.     Chamberlain Group Defendants lack sufficient information to admit or deny this allegation.

77.     Chamberlain Group Defendants deny that the transfers at issue were an interest in property of the Neighbors Debtor Entities.   Chamberlain Group Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied

81.     Chamberlain Group Defendants admit that Section 550 of the Bankruptcy Code generally provides the relief set forth in Paragraph 81, but deny that Plaintiff is entitled to such relief.

82.     Denied.

## V.     <u>Jury Demand</u>

83.     Chamberlain Group Defendants acknowledge and join Plaintiff's jury demand.

## <u>AFFIRMATIVE DEFENSES</u>

84.     Chamberlain Group Defendants, without altering the applicable burdens of proof, assert the following defenses to the claims for relief averred in the Complaint.  Chamberlain Group Defendants' investigation of the allegations set forth in the Complaint and defenses thereto is continuing.  Therefore, Chamberlain Group Defendants reserve the right to supplement or amend these defenses, as necessary.

85.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were not transfers of an interest of a debtor in property.  Neighbors Debtor Entities were not the owner of such funds, but were a conduit and/or held funds in trust for another party.

86.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were made at a time when each such debtor or debtors were solvent.

87.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were made at a time when each such debtor or debtors' assets exceeded their liabilities on each debtor's balance sheet.

88.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were made at a time when each such debtor or debtors possessed reasonably sufficient capital to operate as a going concern.

89.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were made at a time when each such debtor or debtors were able to pay their debts as they came due.

90.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were intended to be, and were, received in exchange for reasonably equivalent value.

91.     Any alleged transfers from any of the Neighbors Debtor Entities to the Chamberlain Group Defendants were made in satisfaction of antecedent debts due the Chamberlain Group Defendants as tax distributions.

92.     Any alleged transfers from any of the Neighbors Debtor Entities to Chamberlain Group Defendants were received in good faith, for value—such value equaling or exceeding the amounts received—and without knowledge of the avoidability, if any, of such transfers.

93.     Any alleged transfers from any of the Neighbors Debtor Entities were in satisfaction of debts incurred by the Neighbors Debtor Entities in the ordinary course of business, and such payments were made in the ordinary course of business between the Neighbors Debtor Entities and the Chamberlain Group Defendants and were made according to ordinary business terms.

94.     Any claim based on a transfer that constitute tax distributions are barred pursuant to the Court's Order entered on November 20, 2020 (Dkt. 91).

95.     Any claim based on a transfer that occurred prior to July 12, 2016 is barred pursuant to the Court's Order entered on November 20, 2020 (Dkt. 91).

96.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

97.     Plaintiff's claims are untimely, in whole or in part, under section 546(A) of the Bankruptcy Code.

98.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

99.     Any alleged transfers from any of the Neighbors Debtor Entities to Chamberlain Group Defendants are not avoidable to the extent that such transfers constituted a return of capital.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Third Amended Complaint filed by Plaintiff be denied with prejudice, with all costs of suit, including reasonable attorney fees, taxed against said Plaintiff, and for such other and further relief to which the Court may find Defendants to be justly entitled.

Date: January 7, 2021

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553

 */s/ Juan F. Vasquez, Jr.*
JUAN F. VASQUEZ, JR.
juan.vasquez@chamberlainlaw.com
Texas Bar No. 24033294
Southern District No. 2982

Of Counsel:

DAVID N. CALVILLO
david.calvillo@chamberlainlaw.com
Texas Bar No. 03673000
Southern District No. 11431

STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Texas Bar No. 24087315
Southern District No. 3005543

PETER A. LOWY
peter.lowy@chamberlainlaw.com
Texas Bar No. 24038517
Southern District No. 37792

**COUNSEL FOR DEFENDANTS AB
PHYSICIAN SERVICES LLC, ABARADO &
DO FAMILY, LP, ATIBA BELL MEDICAL
ASSOCIATES, PLLC, EDR INVESTMENTS,
LLC, EMTEX INVESTMENTS, LLC, EKTA
POPAT, FILLORY HOLDINGS, LLC, ISAAC
FREEBORN, KENNETH M. DIREKLY,
MANUEL ACOSTA, PLLC, PRANAV SHUKLA
MD, THANH CHENG MD, AND TOWARDS
INFINITY LLC**

11

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was served on all counsel of record and parties in interest through the Court's CM/ECF system on January 7, 2021.

*/s/ Juan F. Vasquez, Jr.*
JUAN F. VASQUEZ, JR.

190338\000001\3755287.v2

12